# Edwards *v.* Edwards.

### Bill for Divorce.

1.  *Chancellor's conclusion in this case affirmed, there being no decided
preponderance of evidence against correctness of.*—On consideration of
the evidence in this record, the court can not affirm that there is a de-
cided preponderance against the correctness of the chancellor's conclu-
sion, and therefore affirms his decree refusing to grant a divorce to the
complainant.

2.  *Alimony; pending suit for divorce; pending appeal to this court.*
Pending a suit for divorce, the wife is entitled, as of right, to an allow-
ance for temporary alimony out of the husband's estate (Code, § 2694);
but an application for alimony pending an appeal to this court, being
subsequent to the appeal, is not subject to revision by this court on the
appeal.

APPEAL from the Choctaw Chancery Court.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on 5th April, 1884, by the ap-
pellant, a married woman, by next friend, against her husband,
the appellee, and sought a divorce *a vinculo matrimonii*, upon
the grounds of his alleged intemperance, failure to properly
maintain appellant, and cruelty and harsh usage—specific acts
of which are averred in the bill.  The complainant also prayed
that the custody of the three children, the issue of the mar-
riage, be confided to her; and, by petition subsequently filed,
prayed that a reasonable allowance for counsel fees, and ali-

[Edwards v. Edwards.]

mony, *pendente lite*, be decreed her out of the respondent's
estate.   The appellee, answering the bill, denied all of its ma-
terial allegations and made counter charges of maltreatment on
the part of the complainant; and, in response to the petition
for alimony, averred that his said wife was living apart from
him, and was possessed of a separate estate adequate for her
support, and approximately equal to that of defendant.   Upon
the hearing, had upon pleadings and proof, the chancellor was
of opinion that the complainant was not entitled to the relief
prayed, and caused a decree to be entered dismissing the bill
and the petition for alimony.   The second petition, pending
the appeal to this court, is sufficiently noticed in the opinion.

TOULMIN, TAYLOR & PRINCE, and TAYLOR & ELMORE, for
appellant.—(1.) Upon all the testimony, appellant was entitled
to the relief prayed in her bill.   Evidence discussed with cita-
tion of following authority : 1 Bishop on Marriage & Divorce,
§§ 742, 719, 720, 730, 736, 747, 768 ; 2 Bish., *Ib.*, §§ 655–58,
3450–51–55–58.   (2.) Alimony should have been allowed.
43 Am. Dec. 778 ; 68 *Ib.* 481 ; 63 *Ib.* 289 and note ; *Ib.* 665
and note ; Code, § 2694 and case cited in foot note.   (3.) The
costs should not have been charged against the wife.—*Richard-
son v. Richardson*, 4 Porter, 467.   (4.) That the Chancery
Court has power to grant alimony after final decree, and that
the *proper practice* is to apply for alimony *after decree*—see
11 Ala. 763 ; Code, § 2694 ; 36 Am. Dec. 723 ; 33 Ga. 172,
173 ; 39 Ind. 185, 187.

W. F. GLOVER, and W. L. BRAGG, *contra*, cited the following
authorities : *Daniel v. Daniel*, 27 Ala. 22 ; *Hughes v. Hughes*,
19 Ala. 306 ; *Folmar v. Folmar*, 69 Ala. 84 ; 56 Ala. pp. 94,
157, 576 ; 66 *Ib.* 162, 362 ; 68 *Ib.* 598 ; 72 *Ib.* 294 ; 74 *Ib.*
243, 359 ; 71 *Ib.* 556 ; 74 *Ib.* 379 ; 74 Ala. 349 ; 75 *Ib.* 385 ;
44 Ala. 619 ; Code, §§ 2694, 2695 ; 33 Ala. 98 ; Stewart on
Marriage & Divorce, §§ 392 and 383 ; Porter, 41 Miss. 116,
117, 118 ; 44 Ala. 438 ; 70 Ala. 271, 85 ; 71 Ala. 536 ; 72 Ala.
467 ; 30 Ala. 643 ; 1 Parsons on Cont. 356 ; Code, § 2685 ;
Constitution Ala. 139, Art. VI, § 2 ; Code, § 3916 ; *Ib.* 3926 ;
*Ib.* 3927 and 3967 ; 1 Bric. Dig. 99, § 228 ; Code, 156 ; 1 Bric.
Dig. 100 ; Stewart on Marriage & Divorce, § 366 ; 77 Ill. 346 ;
*Richardson v. Richardson*, 4 Porter, 479–80.

STONE, C. J.—We have carefully examined the voluminous
testimony found in this record, and we are not able to affirm
there is a "decided preponderance" against the conclusion
reached by the chancellor.—*Nooe v. Garner*, 70 Ala. 443.   The
clearly established facts show a sad case of family alienation
VOL. LXXX.

[Edwards v. Edwards.]

and discord, but much of the blame is chargeable to the complainant.—*David v. David*, 27 Ala. 222. The chancellor did not err in refusing to grant the divorce prayed for.

The question of alimony rests on different principles. "Pending a suit for divorce the court must make an allowance for the support of the wife out of the estate of the husband, suitable to his estate, and to the condition in life of the parties." Code of 1876, § 2694. Under this statute, and the construction placed on it, it would seem the question of temporary alimony, or alimony or support pending the suit, is a matter not of discretion, but of right.—*Jeter v. Jeter*, 36 Ala. 391; *Ex parte King*, 27 Ala. 387; *King v. King*, 28 Ala. 315; *Mims v. Mims*, 33 Ala. 98; *Ex parte Smith*, 34 Ala. 455; *Richardson v. Richardson*, 4 Por. 467; s. c., 30 Amer. Dec. 538; *North v. North*, 43 Amer. Dec. 778; *Methvin v. Methvin*, 60 Amer. Dec. 664; *Frith v. Frith*, 63 Amer. Dec. 289; *Pinckard v. Pinckard*, 68 Amer. Dec. 481.

Since the separation the daughters, two in number, remained with the mother, and one of them was sent to school. The only son has been with the father. The wife has a separate estate, in value nearly or quite equal to half the value of the husband's estate. We make no allowance for attorney's fees. That is not compulsory. We order and decree, however, that defendant shall pay to complainant the sum of two hundred dollars for her support pending the suit; and the chancellor will make any orders necessary for carrying this decree into effect.

After the present appeal was taken, a second petition was filed for alimony pending the appeal. This being a proceeding after the appeal, the chancellor's ruling upon it is not before us for consideration.

The costs in the court below will remain as decreed by the chancellor, except the costs on the petition for temporary alimony or support, which will be paid by the defendant. The costs of the appeal in this court will be paid by the appellee; and the costs of appeal in the court below will be paid, one-fourth by the appellee, and three-fourths by complainant's next friend.

Reversed and rendered.