# Brindley *v.* Brindley.

*Bill in Equity for Alimony.*

1. *Alimony may be granted without divorce proceedings.*—Courts of equity have jurisdiction to grant alimony to a married woman in the nature of maintenance unconnected with any proceedings for divorce.

[Brindley v. Brindley.]

2. *Same; pendente lite in the discretion of the court.*—In a suit prosecuted by the wife for alimony alone the allowance of alimony *pendente lite* rests in the sound discretion of the court.

3. *Same; temporary may be revoked on the hearing.*—The grant of temporary alimony by interlocutory decree, in a suit for alimony alone, is subject to the further order of the court; and on final hearing may be revoked.

4. *Contingent fee in proceedings for divorce or alimony, particularly vicious.*—In a suit for alimony or divorce, an agreement between the complainant and her counsel for a contingent fee is particularly vicious, and when the evidence discloses such contract no counsel fee should be allowed by the court.

APPEAL from the Chancery Court of Cullman.

Heard before the Hon. WM. H. SIMPSON.

Annie Brindley filed her bill against her husband for the allowance of alimony without the granting of a divorce. The chancellor entered a decree for temporary allowance pending the suit. The final decree was adverse to the complainant, but the court determined that the preceding order for alimony should stand as a matter of right in the complainant; and further decreed the sale of the property of the defendant to pay it. Defendant appealed from this decree. Reversed and rendered.

J. B. BROWN, for appellant.—(1). In a suit for alimony without divorce the wife is not entitled to allowance as a matter of right. Our statute applies only in suits for divorce.—*Murray v. Murray,* 84 Ala. 363; *Sanches v. Sanches,* 21 Fla. 346; Am. & Eng. Ency., Vol. 2, p. 101 (2d ed.) ; *Johnson v. Johnson,* 125 Ill. 510; *Swearingen v. Swearingen,* 19 Ga. 265.

(2). Order allowing temporary alimony may be rescinded on final hearing.—*Weaver v. Weaver,* 33 Ga. 172; *Thompson v. Thompson,* 3 Head (Tenn.) 527.

(3). Contingent fees to counsel not allowed.—*White v. White,* 86 Cal. 212; *Sharon v. Sharon,* 75 Cal. 1.

A. L. BROWN and J. J. CURTIS, *contra.*

HARALSON, J.—It is firmly settled by the decisions of this court, in consonance with the decisions of the

[Brindley v. Brindley.]

courts of other States,—although it may be that the weight of authority in England and this country is opposed to the doctrine—that courts of equity have jurisdiction to grant alimony to a married woman in the nature of maintenance, unconnected with any proceedings for divorce.—*Hinds v. Hinds*, 80 Ala. 225; *Murray v. Murray*, 84 Ala. 363; *Brindley v. Brindley*, 115 Ala. 474.

In this State, we have no statute providing for alimony disconnected with a suit for divorce, and as for independent proceedings in that behalf, we are remitted to the general principles of equity courts in the adjudication of rights between the parties. But in divorce suits, the statute does provide that "Pending a suit for divorce, the court must make an allowance for the support of the wife out of the estate of the husband, suitable to the condition of his estate and the condition in life of the parties.—Code 1896, § 1495 (2331). Under the construction placed on this statute, the allowance of temporary alimony, or alimony or support pending the suit is matter not of discretion, but of right.—*Edwards v. Edwards*, 80 Ala. 97. Independent of statute providing otherwise, it is the generally conceded rule, that the allowance of alimony *pendente lite* in suits for divorce, is not a matter of absolute right, but rests in the sound discretion of the court.—2 Am. & Eng. Ency. Law (2nd ed.), 101. In a suit prosecuted by the wife for alimony alone, it is manifest, therefore, that a court of equity in this State is not bound by the section of the Code above quoted, to allow it as a matter of right.

Another well recognized principle in divorce suits, uninfluenced by statute is, that "although alimony *pendente lite* should be allowed without an examination of the merits of the case, yet a *prima facie* case must be shown in behalf of the wife, and where she is the libellant or plaintiff, it should appear that the suit is brought in good faith, and not merely for the purpose of obtaining money from her husband; for if it appears that the suit is without just or reasonable foundation, or is prompted by malice or oppression towards her husband, or that the husband's success is very apparent, no allowance should be made to the wife."—2 Am. & Eng. Ency. Law (2nd ed.), 101.

In *Spitler v. Spitler,* 108 Ill. 124, it was determined, and, as for the case we have in hand, pertinently said, that "in the absence of statutory provisions controlling the question, when the husband obtains a divorce on account of the misconduct of the wife, the latter will not be entitled to alimony (2 Bishop on Marriage & Divorce (4th ed.) §§ 376, 377). Looking at the question on principles, the rule is certainly in harmony with other general rules governing the marital relation, as, for instance, the common law duty of the husband to support the wife is not absolute. He is bound to support her at the common home, and not under another's roof, unless his own improper conduct has forced her to seek shelter elsewhere. Hence if she abandons her home without cause, the right to support from her husband at once ceases." And this is true not only where the wife abandons the husband without justifying cause, but where, from her own fault, he abandons her.—*Angelico v. Angelico,* 81 Ill. 251; *Thompson v. Thompson,* 3 Head (Tenn.) 527; *Boggess v. Boggess,* 4 Dana (Ky.) 307, 309; *Martin v. Martin,* 8 N. J. Eq. 563; *Begbie v. Begbie,* 7 N. J. Eq. 98; *Anonymous,* 4 Dec. Eq. (S. Car.) 94; *Kock v. Kock,* 42 Barb. 515. If these principles uncontrolled by statute are correct for the allowance of alimony *pendente lite* in suits for divorce, they apply with equal or greater reason to proceedings for alimony alone independent of divorce.

The court on the *prima facie* case presented in complainant's bill, ordered a reference to ascertain the defendant's faculties and what would be a proper allowance. The register upon evidence taken, reported six dollars a month and $25 solicitors' fees to be proper, which report was confirmed. An appeal was taken and the decree affirmed.—115 Ala. 474. It was said in that case, in review of the lower court's action, "We have examined the evidence taken before the register, and are reasonably satisfied that the allowance made is not excessive. The amount allowed by the court upon the report of the register is merely interlocutory, and subject to the further orders of the court. The amount may be increased or diminished during the further progress of the cause, as the necessities of the parties and justice

[Brindley v. Brindley.]

may demand." When the cause returned to the lower court, the testimony was taken on both sides upon the merits, and the case was submitted thereon for final decree, which was afterwards rendered. From that decree this appeal is prosecuted.

From the evidence, the complainant utterly failed to make out the charges she preferred against her husband as grounds for alimony. Instead of his abandoning her, it is made plain that she abandoned him without any legal excuse therefor. The allegation that he "accused her of adultery, and made base and vile charges against her, without shadow of foundation for them," finds no support in the evidence, but is satisfactorily disproved. In his opinion the chancellor, employing language much more temperate than he would have been justified in employing, said: "She was guilty of the abandonment and manifested no willingness to continue to reside with her husband, and furthermore was guilty of improprieties with other men." A careful examination of the evidence leads us to approve this conclusion. It satisfies us, as it did the court below, that the complainant's suit is oppressive and entirely wanting in merit. The defendant, so far as the evidence tends to show, while not profuse in his attentions to her, accountable for reasons that are pardonable, was never harsh or cruel to his wife. He was poor and perhaps unable to supply more abundantly than he did, and seems to have manifested a submissive rather than a revengeful spirit under most provoking circumstances. In such a case, can it be manifested on any principle known to a court of equity, that the respondent should be made by its decree to contribute of his means to such an unjust and oppressive demand as is presented in this case? Its disposition to administer justice would be seriously questioned, if not displayed to prevent exactions so shocking to the sense of justice. While ascertaining that complainant's bill on the facts, was without merit, the learned chancellor fell into the inadvertent mistake of holding that the previous interlocutory decree for temporary allowance was beyond the power of the court to control. He says in his opinion, "The complainant was entitled to that (alimony *pendente lite*) as a matter of right under the statute, and it

28

[Brindley v. Brindley.]

is still a subsisting liability solemnly decreed by the court, and is not affected by the failure of the complainant to obtain relief on final hearing." And so, he declared a lien on defendant's lands for the payment of the monthly alowances as ascertained by the register, up to the rendition of the final decree and for the solicitors' fee, and ordered the sale of said lands therefor, if not paid within a designated time. In this there was manifest error. That former decree, as we rightly held on the former appeal, "was merely interlocutory and subject to the further orders of the court," and no statute in this State makes an allowance of alimony a matter of right in a suit of this character.

On her cross-examination the complainant testified, "I made arrangements to bring this suit. I employed counsel. My father [who is her next friend] done [did] it for me. It is a fact that I am going on nineteen, and will be nineteen in November. My lawyers are to get half of what I get out of this case, I think." It was not shown that she was mistaken as to this agreement with counsel. In *Sharron v. Sharron*, 75 Cal. 1, it was held, as it seems very properly, that pending an action for divorce, the wife has no necessity entitling her to an allowance for counsel fees, when her attorneys are faithfully and satisfactorily acting for her, in pursuance of an agreement whereby they have, as compensation for their services, a contingent interest in the result of the litigation. In his work on Divorce & Separation (§ 881) Mr. Nelson observes, that "an agreement with the wife that her attorneys shall receive a portion of the amount of alimony obtained, is champertous. Agreements for contingent fees are objectionable in ordinary actions, but in actions for divorce this kind of agreement is particularly vicious. The wife's attorney becomes an interested party in the proceedings, and ceases to act as a legal adviser and an officer of the court. * * * The courts discourage such agreements; and if, in the progress of the trial, the court discovers that an attorney has rendered his services upon a contingent fee, no allowance for attorney's fees will be made."—*White v. White*, 86 Cal. 212. It is true in the case at bar, the fee of $25 allowed by the register, was allowed and after-

wards sanctioned by the court, without any proof of this agreement between complainant and her next friend with her solicitors, and without any reference to such an agreement. But, it is moreover true, that its allowance, though the fact of their contingent fee was unknown at the time, was a contribution to that extent in aid of the champertous agreement. It was an allowance which would enable them the better to prosecute the case in their own interests in procuring as great an amuont as possible for alimony, one half of which they were to get. The allowance of that fee rests on no more substantial basis than the one for alimony, and both in the end should have been disallowed.

A decree will be here entered, reversing the decree of the court below, setting aside the decrees allowing alimony and a solicitors' fee, and dismissing the suit out of the court below.

Reversed and rendered.