# Bulke *v.* Bulke.

*Bill for Divorce and Alimony.*

(Decided May 11, 1911.   55 South. 490.)

1. *Divorce; Temporary Alimony.*—The provisions of section 3803, Code 1907, do not require the allowance of temporary alimony if the husband has already provided for such support.

2. *Same; Attorney's Fee.*—The allowance for attorney's fees in a divorce suit, in the absence of the statutory provisions, is governed by the general principles of law as to the propriety of such allowance, which depends upon the good faith of the proceedings, the probability of success, etc.

3. *Same; Bill; Condoning Derelictions.*—Where the cross-bill of the husband in answer to the wife's suit for a divorce alleges that subsequent to the wife's dereliction, he received her back into his home and supported her, it is not subject to demurrer, though not alleging that he lived with her as his wife so as to condone her former dereliction.

4. *Husband and Wife; Support; Contract; Abrogation.*—Even if a husband not only received his wife back into his home, but lived with her as his wife, thereby condoning the wife's dereliction, this would not necessarily abrogate the contract by which she had received a definite amount from him in lieu of all obligations of support.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

[Bulke v. Bulke.]

Bill by M. E. Bulke against Paul Bulke for divorce and alimony. From a decree granting temporary ali-. mony and attorney's fee, and ordering a reference, respondent appeals. Reversed and rendered.

SAM WILL JOHN, for appellant. Under the facts in this case the wife had accepted a lump sum in lieu of all further support and was not entitled to temporary alimony and attorney's fee.—*Ex parte Jones*, 172 Ala. 186; *Brindley v. Brindley*, 121 Ala. 450; *Spilter v. Spilter*, 108 Ill. 124. The wife had a right to contract with her husband as though she was sole.—Secs. 4492-4497, Code 1907; *Osborne v. Cooper*, 113 Ala. 405; *Sample v. Guyer*, 143 Ala. 410.

JOHN E. MILES, for appellee. The court properly allowed temporary alimony and attorney's fee.—Sec. 3803, Code 1907; *Jeter v. Jeter*, 36 Ala. 392; *Brady v. Brady*, 144 Ala. 415; *Edwards v. Edwards*, 80 Ala. 97; *Rast v. Rast*, 113 Ala. 319; 5 A. & E. Ann. cases, 230.

SIMPSON, J.—The appellee filed a bill for divorce and alimony, and the appeal is from a decree ordering a reference and allowing temporary alimony and attorney's fees pendente lite.

The answer, which is made also a cross-bill, denies all of the grounds set up in the bill for a divorce; alleges immorality and lewdness on the part of the wife; that she lived with him for about a year and three months from her marriage in February, 1902, when she abandoned him and went away with another man, led an open and notoriously lewd life; that she returned in March, 1908, when, on her promise of reformation, he "received her and her daughter back into his home, and supported and maintained them, as best he could, till March, 1909, when they voluntarily left him and have

ever since remained away." It also alleges that, after the complainant left him the first time, she instituted proceedings for divorce, and thereupon a written contract (which is made an exhibit to the bill) was entered into, by which, in consideration of $500, the receipt of which is acknowledged in the contract, said complainant acknowledged "satisfaction and payment of all claims against the said Paul Bulke of every kind for alimony, support, and maintenance," and released all interest, right, and title in all property owned by the respondent.

It is insisted by the appellee—and such seems to be the basis of the decree—that under section 3803 of the Code of 1907 the allowance is a matter of right, without regard to the circumstances of the case. This contention is sustained as a general proposition by our decisions; but, if the husband has already provided for the "support of the wife," the statute cannot mean that she is entitled as a matter of right to additional support. To hold so would be to say that, although the husband has conveyed all of his property and assets to provide for the support of the wife, yet she is entitled to an additional decree for the temporary alimony and attorney's fees. The contract explicitly releases him from further liability for her support, and there is no allegation that the wife was overreached. It was clearly a settlement of her demand for divorce and alimony, and if it had not been for her subsequent return to his home no one would hold that she could institute another suit for divorce, and demand, as a matter of right, "an allowance for her support."

It is contended that, by receiving the wife and her daughter (his stepdaughter) back into his home, all former causes of divorce were condoned, and with the condonation went the agreement. It will be noticed

that the answer does not state that the defendant ever lived with her as his wife again, but only that he received her and her daughter into his home and supported them. Of course, if he did receive and live with her, by cohabitation, as a wife, it would be a condonation of those causes of divorce; but that would not necessarily abrogate the contract by which she had received a definite amount in lieu of all obligation to support her. The temporary allowance is only for her support, and the statute cannot have the effect of impairing the obligation of the contract, by which the complainant has bound herself, for an adequate consideration, not to claim anything more for that purpose. In a case where, by previous agreement, provision for the support of the wife had been made, it was held that alimony pendente lite should not be allowed, but that on the final hearing of the case the court would inquire whether the provision was sufficient. It is not shown whether there was an express release of liability for support, but under the peculiar circumstances of that case counsel fees were allowed.—*Collins v. Collins*, 80 N. Y. 1, 11, 12; 14 Cyc. 754, 755.

Our statute does not specifically provide for an allowance for attorney's fees. The propriety of allowing for the same must be governed by the general principles of the law, according to which such allowances depend upon the good faith of the proceedings, the probability of success, etc.—14 Cyc. 749, 753, 754, et seq., 761, 762; *Brindley v. Brindley*, 121 Ala. 429, 431, et seq., 25 South. 751. On the whole, taking into consideration all the circumstances of this case, we think the temporary alimony and attorney's fees should not be allowed pendente lite.

While it is true, as stated in the opinion of the judge, that an allegation of what the cross-complainant

"believes" is not sufficient basis for a claim for divorce, yet, since, as before stated, the answer does not allege that the cross-complainant lived with the complainant as his wife, so as to condone former derelictions, the demurrer to the cross-bill should not have been sustained.

The decree of the court is reversed, and a decree will be here rendered, declaring the plea sufficient, denying the motion to strike the answer of respondent, overruling the demurrer to the cross-bill, and denying the motion for alimony and allowance pendente lite.

Reversed and rendered.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.