[Coleman v. Coleman.]

# Coleman v. Coleman.

### Divorce, Alimony and Custody of Child.

(Decided December 7, 1916.   73 South. 473.)

1. **Infants; Custody; Powers of Court.**—The courts of chancery have jurisdiction over the custody of children, independent of the statute.

2. **Same.**—In proceedings involving the care, custody and education of infants the paramount consideration is the well-being and good of the infant.

3. **Evidence; Letters.**—Where letters are properly identified they are competent evidence in a suit for a divorce tending to show the alleged relationship between the wife and a third person.

4. **Divorce; Alimony; Temporary Discretion.**—Under the provisions of § 3803, Code 1907, the court has no discretion in the matter of awarding alimony pendente lite, but must allow it as a matter of right.

5. **Same; Attorney's Fee; Discretion.**—The statute does not specifically provide for an attorney's fee as a matter of right to the respondent in a divorce proceeding, but the propriety of an allowance must be governed by the good faith in the proceedings.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by Charles Coleman against Carrie Lee Coleman for divorce, with cross bill by the respondent seeking divorce, alimony and attorneys' fee. There was a decree for complainant granting absolute divorce and awarding him the custody of the minor child. The decree also denied the respondent attorneys' fee and temporary and permanent alimony and respondent appeals. The decree is affirmed as to the divorce and custody of the child but is reversed and remanded in so far as it denies attorneys' fees and alimony.

GARBER & GARBER, for appellant.   W. J. BOYKIN, for appellee.

THOMAS, J.—This is a suit for divorce on the ground of adultery. A cross-bill was filed by the respondent praying a divorce for actual violence committed by the husband on her person, attended with danger to life and health. On final submission the chancellor decreed absolute divorce to complainant,

8—198

and awarded him the custody, control, and education of the minor child, the offspring of complainant and respondent's marriage.

Respondent's prayer for a reasonable solicitor's fee to her counsel in this cause, for a reasonable amount for her support and maintenance pending the termination of this suit, and for permanent alimony after termination of the suit, and that a lien be declared therefor upon the real estate described in the cross-bill, was denied.

(1, 2) A court of chancery has jurisdiction over the custody of infant children, and this power is independent of statute.— 3 Pom. Eq. Jur. 1304, 1305; *Bryan v. Bryan,* 34 Ala. 516; *Decker v. Decker,* 176 Ala. 299, 58 South. 195; *Hayes v. Hayes,* 192 Ala. 280, 68 South. 351. It is immaterial how that jurisdiction is invoked.—*Hansford v. Hansford,* 10 Ala. 561; *Woodruff v. Conley,* 50 Ala. 304. In proceedings involving the care, custody and education of infants, the paramount consideration is the well-being and good of the infant.—*Pearce v. Pearce,* 136 Ala. 188, 33 South. 883; *McGough v. McGough,* 136 Ala. 170, 33 South. 860. In divorce cases the statute provides for awarding the custody and education of the children of the marriage "as may seem right and proper, having regard to the moral character and prudence of the parents, the age and sex of the children," etc.—Code, § 3808.

We have carefully examined the evidence in the record before us, and believe no good purpose would be subserved by its detailed discussion. It is suffcient to say that we are of the opinion that the chancellor reached the proper conclusion in granting to complainant absolute divorce on account of respondent's adultery, and in decreeing the care, custody, control, and education of the minor child, the offspring of said marriage, to the complainant.

(3) It is insisted by appellant that adultery on the part of the wife was not clearly shown by the competent evidence admitted. Objection was made to the introduction in evidence of certain letters found in respondent's possession showing her criminal relation with the writer thereof. The letters in question were properly identified, making them competent evidence.— *Alsabrooks v. State,* 52 Ala. 24; *Bickley v. Bickley,* 136 Ala. 548, 34 South. 946.

[Coleman v. Coleman.]

In *Mosser v. Mosser*, 29 Ala. 316, Justice STONE said: "A respectable author, Shelford on Marriage and Divorce, p. 405, has well said: 'Adultery, being an act of darkness and of great secrecy, can hardly be proved by any direct means,' and 'that presumptive evidence alone is sufficient proof.' The same author says, quoting from Lord Stowell: 'It is a fundamental rule of evidence upon this subject, that it is not necessary to prove the direct fact of adultery.'—Id. 'The only general rule that can be laid down on the subject is that the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion.'—Shelf. on Marriage and Divorce, p. 406. In one case it was held that 'adultery may be inferred from the general cohabitation of the parties, without proof of particular facts, although the parties have separate beds.'—*Loveden v. Loveden*, 2 Hagg. Cons. R. 4. The court, says Lord Stowell, 'will judge of facts as other men of discernment, exercising a sound and sober judgment on circumstances that are duly proved before them.' See, also, Poynter on Marriage and Divorce, 188, 189. In our own court the subject has been under discussion. In *Richardson v. Richardson*, 4 Port. 467 [30 Am. Dec. 538], Justice Henry Goldthwaite announced the rule that 'the fact is inferred from circumstances that lead to it by fair inference as a necessary conclusion.' The question came again before the court in *Collins v. State*, 14 Ala. 608, upon an indictment for adultery; and the court held the conviction right, though founded on circumstances, without proof of the direct fact.—See, also, *Glaze v. State*, 9 Ala. 283; *Crowley v. State*, 13 Ala. 172."

In the *Mosser Case*, Justices WALKER and RICE did not agree with Judge STONE that the circumstantial evidence adduced was sufficient to show that adultery was committed. In the later case of *Jeter v. Jeter*, 36 Ala. 391, the *Mosser Case* is cited, and Chief Justice WALKER said: "Whether we look to the legal authorities above cited, or to the teachings of nature and Holy Writ, we are authorized, in a case of conjugal conduct like that of the defendant, to yield a more easy credence to circumstances which impugn the chastity, and may more properly give suspicious facts an unfavorable construction. * * *. In reference to the character of circumstances requisite to establish the charge, Lord Stowell says: 'In every case almost the fact is inferred from circumstances that lead to it by fair inferences, as a necessary conclusion; and unless this were the case, and unless this

were so held, no protection whatever could be given to marital rights. What are the circumstances which lead to such a conclusion cannot be laid down universally, though many of them, of a more obvious nature, and of more frequent occurrence, are to be found in the ancient books. At the same time it is impossible to indicate them universally, because they may be infinitely diversified by the situation and character of the parties, by the state of general manners, and by many other incidential circumstances, apparently slight and delicate in themselves, but which may have most important bearings in decisions upon the particular cases. The only general rule that can be laid down upon the subject is that the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion; for it is not to lead a harsh and intemperate judgment, moving upon appearances that are equally capable of two interpretations; neither is it to be a matter of artificial reasoning, judging upon such things differently from what would strike the careful and cautious consideration of a discreet man.'—*Loveden v. Loveden,* 2 Hag. 1; 4 Eng. Ec. 461.   *   *   *   *Richardson v. Richardson,* 4 Port. 475 [30 Am. Dec. 538]; *State v. Crowley,* 13 Ala. 172; *Mosser v. Mosser,* 29 Ala. 313."

When the correspondence in the instant case is considered, in connection with the acts of the respondent, her declarations, her changed conduct toward the husband, and her associations in Roanoke with this co-respondent, we are persuaded that the necessary conclusion is that respondent was guilty of adultery with the party alleged in the bill. When this illicit relation was discovered by the husband, he promptly repudiated it by calling from another state the wife's father and delivering her into his care and protection.—*Hill v. State,* 137 Ala. 66, 34 South. 406; *Bodiford v. State,* 86 Ala. 68, 5 South. 559, 11 Am. St. Rep. 20; *Lawson v. State,* 20 Ala. 79, 56 Am. Dec. 182; *Brown v. State,* 108 Ala. 19, 18 South. 811. Thereafter he sent to her her clothing and other articles of personal property, thus evidencing a desire to deal justly with her as his some time wife.

The proof in the instant case is stronger than was that in the case of *Powell v. Powell,* 80 Ala. 595, 1 South. 549, where the evidence was held insufficient to show adultery.

(4) In divorce suits the statute provides that, pending suit, "the court must make an allowance for the support of the wife out of the estate of the husband, suitable to his estate and the

condition in life of the parties."—Code 1907, § 3803. Under the construction placed on this statute, this allowance of temporary alimony or support, pending suit, is a matter not of discretion, but of right.—*Edwards v. Edwards,* 80 Ala. 97; *Brindley v. Brindley,* 121 Ala. 429, 25 South. 751; *Ex parte Jones,* 172 Ala. 186, 55 South. 491; *Rast v. Rast,* 113 Ala. 319, 21 South. 34.

In the *Rast Case* the bill was filed by the husband against the wife. The wife, by answer and cross-bill, prayed for divorce, and for temporary and permanent alimony. On final submission it was adjudged that the complainant husband was entitled to the relief sought, but that the respondent have alimony and counsel fees. From this decree complainant appealed, assigning as error the allowance of alimony pendente lite and of counsel fees. The court there said:

"The allowance of temporary alimony pending a suit for divorce, whether the bill be filed by the husband or wife, is not a matter of discretion, but of right in favor of the wife, subject to review as for the amount that may be allowed.—Code of 1886, § 2331; *Edwards v. Edwards,* 80 Ala. 97; *Mahone v. Williams,* 39 Ala. 212; *Jeter v. Jeter,* 36 Ala. 391."

The case of *Bulke v. Bulke,* 173 Ala. 138, 55 South. 490, is not an apt authority here. There the husband had "already provided for the 'support of the wife,'" and the effect of that decision was that the statute "cannot mean that she is entitled as a matter of right to additional support."

(5) On the question of the allowance of attorney's fees to the wife it is held that our statute does not specifically provide for an allowance for attorney's fees; that the propriety of allowing the same must be governed by the general principles of law, "according to which such allowances depend on the good faith of the proceedings, and the probability of success," etc.—*Bulke v. Bulke, supra; Brindley v. Brindley,* 121 Ala. 429, 431; *Ex parte Smith,* 34 Ala. 455; *Pearson v. Darrington,* 32 Ala. 227; *Ex parte King,* 27 Ala. 387; 14 Cyc. 749, 753, 761, 762; 2 Am. & Eng. Ency. Law (2d Ed.) 101.

Taking all the circumstances of this case, we think that temporary alimony and attorney's fees for filing and prosecuting the cross-bill should have been allowed to respondent pendente lite; and to the extent of the failure of the decree to award the same it is reversed, and the cause is remanded.

The decree of the chancellor, in so far as it dissolved the bonds of matrimony theretofore existing between the complainant and the respondent, and in so far as it committed the care, custody, control, and education of the minor child, Elbert Coleman, to the complainant, is affirmed. The costs of this appeal are divided equally between the parties.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.