(99 South. 853)

## Ex parte STATE ex rel. BOYETTE.
## (6 Div. 6.)

(Supreme Court of Alabama. April 17, 1924.)

Divorce ⬅214(4)—Court may sustain exception to register's report as to amount of alimony payments pendente lite and reserve other questions for further hearing.

Allowance of alimony to wife pendente lite being a matter of right under Code 1907, § 3803, while nature and amount of allowance of attorney's fees, when decree is in favor of wife, is discretionary, depending on good faith of proceeding and probability of success (section 3805), chancellor may sustain exception to register's report as to amount of monthly payments of alimony pendente lite, and reserve other questions for decision until final decree on pleading and proof.

Original petition by the State of Alabama, on the relation of V. Motie Boyette, for mandamus to one of the judges of the Circuit Court, Jefferson County, to compel decision of certain questions in the cause styled Myrtle V. Boyette v. V. Motie Boyette, pending in said court. Writ denied.

Black, Harris & Foster, of Birmingham, for petitioner.

Where it appears to the satisfaction of the court that the wife's suit has not been instituted in good faith to secure a divorce, but merely to secure financial benefit, alimony pendente lite will not be allowed. 19 C. J. 217; Bulke v. Bulke, 173 Ala. 138, 55 South. 490; Brindley v. Brindley, 121 Ala. 429, 25 South. 751; Bradford v. Bradford, 80 Miss. 467, 31 South. 963; Domb v. Domb, 195 App. Div. 526, 186 N. Y. Supp 306; Deisler v. Deisler, 65 App. Div. 208, 72 N. Y. Supp. 560; Glasser v. Glasser, 28 N. J. Eq. 22; Kirrigan v. Kirrigan, 15 N. J. Eq. 149; Suydam v. Suydam, 79 N. J. Eq. 144, 80 Atl. 1057; Kowalsky v. Kowalsky, 145 Cal. 394, 78 Pac. 877.

Harsh, Harsh & Harsh, of Birmingham, opposed.

Under Code, § 3803, alimony pendente lite upon the filing of a bill for divorce by the wife is not discretionary at all with the court, but is compulsory. Gibson v. Gibson, 203 Ala. 466, 83 South. 478; Bulke v. Bulke, 173 Ala. 140, 55 South. 490; Jeter v. Jeter, 36 Ala. 392; Brady v. Brady, 144 Ala. 415, 39 South. 237; Edwards v. Edwards, 80 Ala. 97.

THOMAS, J. The application to this court is for mandamus directing the judge of the circuit court, in equity, to decide certain questions alleged to be "raised by the register's report and the exceptions thereto." The petition sets forth that the order to the register required that official "to report among other things whether or not the action for divorce was brought by the wife in good faith," and that the report, responding to that order, was that the action "was not brought in good faith"; that the register reported $1 per month as alimony pendente lite as a reasonable sum to be paid by relator to the wife. Exceptions were filed to this report, and decree was entered sustaining the exceptions and modifying the allowance, and ordering relator to pay the wife the lump sum of $195 as alimony pendente lite and $75 monthly, and in said decree "the question of good faith vel non on the part of the wife" in bringing the suit was not decided. All other questions were reserved for final hearing, except as we have indicated. The $75 monthly payments were to be made as alimony pendente lite.

The petition for mandamus presents for consideration the question whether the court could sustain an exception to the register's report as to the amount of monthly payments to be made the wife pendente lite, and reserve for further hearing the basic question of the good faith of the wife in prosecuting the suit for divorce.

The reference to the register was:

"This cause was submitted upon motion of complainant for a decree of reference, and, the same having been considered and understood the court is of the opinion that the relief should be granted. It is therefore ordered, adjudged, and decreed by the court that this cause be, and it hereby is, referred to the register of this court to ascertain and report as follows, to wit:

"(1A) Whether or not complainant filed her bill in good faith or mala fide as a means of forcing respondent to pay alimony.

"(1) What estate, if any, the complaint has.

"(2) What estate, if any, the respondent has.

"(3) What, if any, would be a reasonable sum to be allowed the complainant out of the estate of the respondent as alimony pendente lite.

"(4) What, if any, would be a reasonable sum to be allowed the complainant as solicitor's fees pendente lite for representing her in this cause."

The report was:

"I find and report as follows:

"(1A) That the complainant has not filed her bill in good faith.

"(1) That the complainant's estate consists of a small equity in a house and lot heretofore occupied as a homestead, and is earning approximately $20 per month.

"(2) That the respondent is capable of earning from $200 to $250 per month.

"(3) That the sum of $1 per month would be a reasonable sum to be allowed complainant out of the estate of respondent as alimony pendente lite.

"(4) That no attorney's fee should be allowed the complainant."

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Complainant's exceptions to that report were separately to items 1 to 4, inclusive, on the several grounds assigned. There was due submission for decree upon the exceptions to the report of the register, and the decree thereon required the payment of the lump sum of $195 pendente lite, and the sums monthly at times indicated until the final decree in the cause, and concludes with this reservation:

"It is further ordered, adjudged and decreed that the question of solicitors' fees, to be paid to solicitors of record for complainant by respondent in this cause and all other questions arising out of said report and complainant's exceptions thereto, shall be and are hereby reserved by the court until the final decree in this cause."

The allowance of alimony to the wife pendente lite is a matter of right (Code, § 3803; Coleman v. Coleman, 198 Ala. 225, 73 South. 473; Ortman v. Ortman, 203 Ala. 167, 82 South. 417; Gibson v. Gibson, 203 Ala. 466, 83 South. 478; Ex parte Eubank, 206 Ala. 8, 89 South. 656; Bulke v. Bulke, 173 Ala. 138, 55 South. 490), and the allowance of attorneys' fees is discretionary as to the nature and amount of the allowance when the decree is in favor of the wife, depending on the good faith of the proceeding and probability of success (Code, § 3805; Coleman v. Coleman, 198 Ala. 225, 229, 73 South. 473; Gibson v. Gibson, supra; Bulke v. Bulke, supra; Ex parte Eubank, supra).

The submission to the register for alimony pendente lite was under section 3803 of the Code, and not sections 3804, 3805. So the rule applied in Bidwell v. Johnson, 195 Ala. 547, 70 South. 685, as applicable to this class of cases, and statutory provisions applicable thereto, would not prevent the chancellor from reserving the other questions for decision until the final decree on pleading and proof. Any other decision would defeat the purposes of section 3803 of the Code, or greatly embarrass courts of equity in the hearing and determination of such suits.

The writ of mandamus is denied.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.