(125 So. 669)

### Ex parte WATSON. (4 Div. 448.)

Supreme Court of Alabama. Jan. 16, 1930.

410

O. S. Lewis, of Dothan, and Carmichael & Tiller, of Geneva, for appellant.

W. O. Mulkey and E. C. Boswell, both of Geneva, for appellee.

GARDNER, J. ▉ Petitioner is complainant in a bill for divorce against her husband, and by this mandamus proceeding seeks a review of the chancellor's decree in that cause fixing alimony pendente lite and solicitor's fees. That she has pursued the proper remedy for such review is not questioned. Ex parte Cairns, 209 Ala. 358, 96 So. 246; Ex parte Eubank, 206 Ala. 8, 89 So. 656.

Following the interposition of demurrer by respondent, the original petition was amended and the record perfected, and that the demurrer refiled to the amended petition is not well taken is quite clear and needs no discussion.

▉▉ By virtue of our statute (section 7417, Code 1923), allowance to the wife of temporary alimony or support pending the divorce suit is a matter of right. Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Brindley v. Brindley, 121 Ala. 429, 25 So. 751. It has also been long the practice to allow solicitor's fees to the wife as an aid in the maintenance of her suit; such allowance being regarded as somewhat in the nature of temporary alimony. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602; Johnson v. Johnson, 195 Ala. 641, 71 So. 415; Rast v. Rast, 113 Ala. 319, 21 So. 34. As our statute, however, makes no allowance for attorney's fees, it is a matter governed by general principles, and influenced by the good faith of the proceedings and probability of success. Ex parte Boyette, 211 Ala. 129, 99 So. 853; Bell v. Bell, supra.

▉ The chancellor in the instant case awarded temporary alimony and also attorney's fee for the wife, thus evidently concluding that sufficient good faith of the proceedings had been prima facie established to justify the latter allowance. We find ourselves in accord with the court below in sustaining defendant's exceptions to the report of the register upon the theory that the amount therein stated for temporary alimony and solicitor's fees was excessive. We recognize that the amount to be allowed is a matter resting largely in the discretion of the trial court (Rast v. Rast, supra), but a careful review of the evidence by the court in consultation is persuasive that the allowance both for temporary alimony and solicitor's fee was too greatly reduced. A discussion of the evidence would serve no useful purpose, and we rest content with a statement of the conclusion reached.

▉ We are of the opinion that, all the circumstances considered, an allowance to the wife of $150 per month is just and proper, and that the decree should be corrected in this respect. As to counsel fees, we think an allowance of $250 at the time will suffice; any further or other allowance to await further progress of the cause, where the labor and skill involved as well as the result of the litigation may properly be considered in

determining any further allowance, or, if so, the proper amount thereof.

In the particulars indicated, the decretal order here reviewed should be modified, and the conclusion results in granting the prayer of the petition.

Mandamus awarded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.