(135 So. 172)

## Ex parte WILLIAMS.

### 4 Div. 535.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 18, 1931.

J. C. Fleming, of Elba, for petitioner.
W. L. Parks, of Troy, for respondent.

THOMAS, J.

The ruling of the trial court is properly presented by petition for mandamus. Brindley v. Brindley, 115 Ala. 474, 22 So. 448; Brady v. Brady, 144 Ala. 414, 39 So. 237.

The bill was for temporary alimony and attorney's fee; a divorce was not sought. The respondent made his answer a cross-bill, and prayed for divorce on the grounds of voluntary abandonment.

In such a suit by the wife, the court will only grant such alimony where she (the wife) is without means; the holdings in such cases being that this allowance is not mandatory. Higgins v. Higgins, 222 Ala. 44, 130 So. 677; Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866: Brady v. Brady, supra.

The husband having filed his bill for absolute divorce, the mandatory provisions of section 7417 are applicable. Ex parte Jack-

son, 212 Ala. 496, 103 So. 558; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Ex parte Eubank, 206 Ala. 8, 89 So. 656; Bulke v. Bulke, 173 Ala. 138, 55 So. 490. The allowance of attorney's fee is discretionary. Coleman v. Coleman, supra; Ex parte State ex rel. Boyette, 211 Ala. 129, 130, 99 So. 853.

We have examined the record and evidence as disclosed therein, and hold that the allowance to the wife pendente lite be not reduced; that for solicitor's fee is reasonable and just.

The writ is denied.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.