152 So. 449

### Ex parte HARRIS.
### 4 Div. 742.

Supreme Court of Alabama.
Jan. 18, 1934.

Grant & Orme, of Troy, for petitioner.

Wilkerson & Brannen, of Troy, for respondent.

90

**THOMAS, Justice.**

The bill by the wife sought absolute divorce. Temporary alimony for the wife and child and reasonable attorney's fees were likewise sought and allowed pursuant to the report of the register after due reference to that end and oral testimony taken.

The answer of the circuit judge in response to the rule nisi is not controverted by the evidence, and the truth or sufficiency thereof put in issue, and will be taken as true. Ex parte Apperson, 217 Ala. 176, 115 So. 226. The facts are before us and are so considered.

Pending suit for divorce, the court must make allowance for the support of the wife out of the husband's estate, suitable to that estate and condition in life of the parties (section 7417, Code; Ex parte Williams, 223 Ala. 221, 135 So. 172); temporary alimony to be allowed as a matter of right, and attorney's fees as a matter of discretion (Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935; Ex parte Apperson, supra; Ex parte Watson, 220 Ala. 409, 125 So. 669; Ex parte State ex rel. Boyette, 211 Ala. 129, 99 So. 853; Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Higgins v. Higgins, 222 Ala. 44, 130 So. 677; Ex parte Williams, supra; Jeter v. Jeter, 36 Ala. 391, 403).

The allowance of attorney's fees being discretionary, the good faith of the wife is to be considered, and the question of good faith may be reserved for final decree. Ex parte State ex rel. Boyette, supra; Ex parte Williams, supra; Coleman v. Coleman, supra.

A register's report based on the oral examination of witnesses is presumed to be correct. Bidwell v. Johnson, 195 Ala. 547, 70 So. 685. Where the petition for mandamus alleges the amount of alimony and attorney's fees allowed is excessive, the burden of proof as to this is imposed upon the petitioner. The finding of facts made and reported by the register is like unto the verdict of a jury, and will not be disturbed unless clearly wrong. Ex parte Wood, 215 Ala. 280, 110° So. 409; Johnston v. Johnston, 212 Ala. 351, 102 So. 709; Warren v. Lawson, 117 Ala. 339, 23 So. 65; Vaughan v. Smith, 69 Ala. 92; Ex parte Eubank, 206 Ala. 8, 89 So. 656; Ex parte Apperson, 217 Ala. 176, 115 So. 226; Ex parte Cairns, 209 Ala. 358, 96 So. 246.

The answer and the testimony upon the hearing show that petitioner's net worth is more than $15,000 or $20,000. It is not contended or shown that the complainant wife has any independent source of support or income. The answer of respondent in this cause shows the sums awarded were reasonable.

The bill as filed sought the custody of the minor child, and petitioner was charged and required by law with her support; and the court properly ordered petitioner to pay a sufficient sum pending the litigation for her support. Such is the jurisdiction of a court of equity. Bell v. Bell, 214 Ala. 574, 108 So. 375, 45 A. L. R. 935. The child being a daughter of precarious health, prima facie the mother was entitled to her custody and care under the facts averred. A paramount consideration to be given is the well-being of the child, whose custody has been made an important consideration and object of the suit.

We have examined the record and evidence, and find no error in the decree of the trial court, and the petition is therefore denied.

Petition denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.