## SHARP v. SHARP.

I Div. 850.

Supreme Court of Alabama.

May 9, 1935.

Rehearing Denied June 6, 1935.
Further Rehearing Denied June 15, 1935.

Buren Broadus, of Wiggins, Miss., and Adams & Gillmore, of Grove Hill, for appellant.

F. E. Poole, of Grove Hill, for appellee.

KNIGHT, Justice.

The appellant, Mrs. Piccola Sharp, filed her bill in the circuit court of Clarke county against her husband, H. B. Sharp, seeking a divorce, a vinculo matrimonii, alimony, temporary and permanent, counsel fees, and for the custody of the only child of the union, a girl less than two years of age.

■ The complainant charges in her bill that the respondent committed actual violence on her person, attended with danger to her life or her health. The averments of the bill are sufficient to state a case entitling the complainant to a divorce under section 7409 of the Code (as amended by Gen. Acts 1933, Ex. Sess., p. 142).

The respondent husband, in his answer, while denying in most positive terms that he had ever been cruel to his wife, charged that she had committed, on divers occasions, acts of adultery with a man whose name is stated in the answer. The respondent made his answer a cross-bill, and prayed that he be granted a divorce, and given the custody of the child, claiming that the wife was not a suitable person to have the care and rearing of the same.

The evidence in the case is voluminous, covering some 375 pages of the transcript.

Upon final submission, the court granted Mrs. Sharp a divorce upon the ground of cruelty, awarded her alimony in the lump sum of $50, allowed her counsel fees in the sum of $125, and awarded her the custody of the child.

In his decree, the court held that the evidence did not justify a finding that the complainant had committed adultery as charged in the respondent's cross-bill.

The complainant, dissatisfied with the provisions of the decree as to alimony and counsel fees, and its failure to award her temporary alimony, has prosecuted this appeal, and assigns these matters for error upon the record. There is no cross-appeal or cross-assignment of error by the appellee.

We have carefully read and considered the evidence in this case, and are in full accord with the chancellor in granting the complainant a divorce on account of her husband's cruelty. She was entitled to it under the evidence. And we may say, also, that we are not at all impressed by the evidence offered on the part of the husband to show acts of infidelity on the part of the wife.

■ The evidence leaves no room to doubt that the wife is without means of support, that the husband is an able-bodied, active man, with ability to earn a living for himself, and those who have a legal right to look to him for support and maintenance; that he owns a large tract of land, consisting of more than a thousand acres; that this land is reasonably worth from five to six thousand dollars; that, while the complainant is the second wife, there are no dependent children by the first wife. Of the second union, there is but one child, a girl of tender years. The custody of this child the court has awarded to the complainant, and by its decree the husband is required to pay $12.50 per month for the support of this child. This allowance we think is reasonable, and have no disposition to disturb it. It stands.

However, we do not think the allowance, in shape of either alimony or counsel fees, made for Mrs. Sharp was reasonable, under the evidence. In this respect we think the court fell into error.

■ We are also of the opinion that the court entirely overlooked the mandatory provisions of section 7417 of the Code in refusing to make an allowance for the support of the wife pending the suit for divorce.

The allowance for the support of the wife, out of the estate of the husband, pending the suit, was not a matter of discretion, but of right, in favor of the wife, subject, of course, to review as for the amount that may be allowed. Coleman v. Coleman, 198 Ala. 225, 73 So. 473, 475; Edwards v. Edwards, 80 Ala. 97; Brindley v. Brindley, 121 Ala. 429, 25 So. 751; Ex parte Jones, 172 Ala. 186, 55 So. 491; Rast v. Rast, 113 Ala. 319, 21 So. 34; Ex parte Apperson, 217 Ala. 176, 115 So. 226; Ex parte Eubank, 206 Ala. 8, 89 So. 656; Gibson v. Gibson, 203 Ala. 466, 83 So. 478; Ex parte State ex rel. Boyette, 211 Ala. 129, 99 So. 853; Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Allen v. Allen, 223 Ala. 223, 135 So. 169; Ex parte Harris, 228 Ala. 88, 152 So. 449; Ex parte Watson, 220 Ala. 409, 125 So. 669; Higgins v. Higgins, 222 Ala. 44, 130 So. 677.

■ As to an allowance of attorneys' fees to the wife, we have held that our statute does not specifically provide for such an allowance; that the propriety of allowing the same must be governed by the general principles of law, "according to which such allowances depend on the good faith of the proceedings, and the probability of success." Coleman v. Coleman, supra; Brindley v. Brindley, supra.

While sections 7418, 7419, and 7420, Code, providing for alimony, were amended at the Extra Session of the Legislature of 1933 (Gen. Acts 1933, Ex. Sess., pp. 118, 119), no change was made in the provisions of section 7417 of the Code, and the decisions of this court construing said last-named section remain in force.

Section 7419 of the Code, by the terms of the amendatory act of 1933 (Gen. Acts 1933, Ex. Sess., p. 118), now reads: "If the divorce is in favor of the wife for the misconduct of the husband, the Judge trying the case, shall have the right to make an allowance to the wife out of the husband's estate, or not make her an allowance as the circumstances of the case may justify and if an allowance is made it must be as liberal as the estate of the husband will permit, regard being had to the condition of his family and to all the circumstances of the case."

The judge trying the case has determined that the wife was entitled to alimony, and has fixed the same at $50, and has determined that she was entitled to an allowance for attorneys' fees, and has fixed the amount at $125.

By the terms of the amendatory act, it was the duty of the trial judge to determine in the first instance whether or not the circumstances of the case justified decreeing an allowance to the wife out of the estate of the husband, and the trial judge determined, and so decreed, that the circumstances did justify such an allowance, and, accordingly, proceeded to fix the amount.

■ In decreeing and fixing the amount of alimony, whatever discretion is given the court "is judicial, not arbitrary," and is subject to review on appeal. 19 Corpus Juris § 499, p. 206; Phillips v. Phillips, 221 Ala. 455, 129 So. 2.

In Smith v. Rogers, 215 Ala. 581, 112 So. 190, 191, it was stated, as a rule deducible from our decisions, that the "'allowance' contemplated by our statute is something more than a mere substitute for the current maintenance and support normally due from the husband to the wife during their joint lives and the continuance of the marriage relation. This is confirmed by our decisions which have adopted as a standard basis for estimating the allowance, subject, of course, to various qualifying circumstances, the approximate value of the wife's interest in the husband's estate if she were his surviving widow. Jeter v. Jeter, 36 Ala. 391, 401; King v. King, 28 Ala. 315."

In 1 R. C. L. 930, § 77, the rule is thus stated: "The amount of the allowance ordinarily varies from one-half of the husband's estate to a third, or even less, although it would seem that where the wife is entitled to alimony and he is possessed of an estate, it would be *improper under any circumstances to give her less than what her dower interest therein would have been, for the reason that he should not be allowed to profit by his own wrong.*" (Italics supplied.)

In Ortman v. Ortman, 203 Ala. 167, 170, 82 So. 417, 420, the considerations and circumstances to be considered in fixing the allowance for alimony are stated as follows: "The wife's income or other means of support possessed by her, the joint labor and capacity for work of the husband and wife, their joint income; things blending with income, as personal labor, sources from which the com-

mon property came, whether there are children or other relatives to be supported or educated and on whom the burden thereof devolves; the nature, extent, and clearness of proof of the husband's delictum, the demeanor and conduct of the wife toward the husband during the cohabitation; the ability of each party to earn money; the wife's forbearance and waiting to bring her suit; the husband's condition in life, health, and needs; the wife's condition in life, health, and needs; the ages of the parties and the cause of divorce (Lovett v. Lovett, 11 Ala. 763, 770); the ability of the court to enforce the decree (Bulke v. Bulke, 173 Ala. 138, 55 So. 490). In consideration for the husband, the decree should not be to 'cripple him by compelling a sacrifice of his property. His ability to pay and hers to collect should be alike taken into the account and duly adjusted.' "

A husband who by his wanton or wicked conduct towards his wife has driven her to seek shelter under another roof-tree should not be allowed to profit by his wrongful conduct. In such a case the courts should be as liberal in dealing with the unfortunate wife as the estate of the husband will permit, having, of course, due regard to the condition of the husband's family and to all the circumstances of the case.

■ We have reached a different conclusion on the evidence from that reached by the trial judge as to the amount of the alimony that the complainant should be allowed in this case, and also as to the amount that should be allowed for attorneys' fees.

It is our conclusion that $800 should be allowed the complainant for alimony, covering permanent and temporary alimony, and a decree will be so entered, and the sum of $250 will be allowed complainant for attorneys' fees in this cause. The allowance for the support of the child will stand, as fixed by the court.

The allowance made for attorneys' fees to be paid within thirty days from this date. One-half of the alimony to be paid within thirty days from this date; and the remainer to be paid on December 1, 1935. For the payment of the above sums of money, a lien is hereby adjudged and fixed upon all the real estate of the respondent, which is described in the bill, except the lands lying in section 29, township 10 north, range 2 east.

There is no merit in appellee's motion. McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318. Besides, under the proof submitted on the motion to dismiss, the motion must be denied.

The appellee, H. B. Sharp, is taxed with all the costs in the court below, and with all the cost of this appeal.

The decree of the court below, as modified, will be here affirmed.

Modified and affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.