233 So.2d 504

J. H. GRAY

v.

Frances GRAY.

8 Div. 8.

Court of Civil Appeals of Alabama.

March 25, 1970.

Jack Huddleston, Sheffield, for appellant.

No brief for appellee.

THAGARD, Presiding Judge.

From a final decree awarding appellee a divorce from the bonds of matrimony, alimony, and a solicitor's fee, the appellant perfected an appeal to this court.

The original bill of complaint charged cruelty and adultery. After demurrer to the original bill was overruled and respondent had filed an answer, complainant filed an amended complaint setting out the same grounds for divorce and asking for all of the things she had asked for in the original bill and, in addition thereto, all of the household furniture and fixtures of the parties. After the respondent answered the amended bill of complaint and considerable time had transpired, complainant again amended her complaint by adding paragraph No. 8, reading as follows:

"8. The Complainant alleges that a decree was rendered on the 6th day of

February, 1967 granting a legal separation and divorce a mensa et thoro. This divorce decree has been in force and effect for more than two years."

The testimony was taken ore tenus before the Honorable Jerry M. Vanderhoef, Judge of the Law and Equity Court of Colbert County, Alabama, who rendered a decree dated April 22, 1969, awarding the complainant an absolute divorce from the respondent on the grounds set out in paragraph No. 8 of the amended complaint, hereinabove quoted, and the following additional relief:

(a) Permanent monthly alimony in the amount of $60.00 per month;

(b) The "furniture now located in their home on Route 3, Cherokee, Alabama.";

(c) The "home and real property located on Route 3, Cherokee, Alabama. It is further ordered that the respondent shall assume the mortgage now outstanding on the said property.";

(d) An attorney's fee of $175.00 to be paid to complainant's solicitor within 60 days from the date of the decree.

The real property described in paragraph (c) above consisted of a modern air-conditioned dwelling worth about $10,000.00 and an adjoining vacant lot worth about $500.00. Prior to the decree the parties were joint owners of the property and neither of them owned any other real property. Appellant complains that the decree not only strips him of his life's earnings, but leaves him hopelessly in debt.

There are two Code sections authorizing the awarding of permanent alimony. Title 34, § 32, 1940 Code of Alabama, provides that if the divorce is in favor of the wife for the misconduct of the husband the trial judge may make an allowance out of the husband's estate, or not make her an allowance as the circumstances may justify, and if an allowance is made it must be as liberal as the estate of the husband will permit, regard being had to all of the circumstances.

As hereinabove noted, the bill of complaint charged the respondent with cruelty and adultery; and also alleged as a ground for divorce, by the last amendment to the bill filed on April 22, 1969, that a decree had been rendered on the 6th day of February, 1967, granting a legal separation and divorce a mensa et thoro. The decree was awarded on the last ground only, thereby acquitting the husband of the two charges of misconduct, although on the trial the wife strove mightily to prove both charges. So, we conclude that the award was not made under Title 34, § 32, 1940 Code of Alabama, and that the provision for a "liberal allowance" does not apply in this case. We note parenthetically that the ground upon which the divorce was granted had not ripened when the original bill was filed, but since the appellant makes no point of that fact, we pretermit any further discussion of the same.

■ The only other statutory provision under which the court was authorized to make an allowance to the wife is Title 34, § 31, 1940 Code of Alabama, which says that if the wife has no separate estate or if it be insufficient for her maintenance, the judge upon granting a divorce at his discretion may decree to the wife out of the estate of the husband, taking into consideration the value thereof and the condition of the family. We think the facts in this case justified an allowance out of the estate of the husband, but we do not think they justified the court in awarding what amounted to the husband's entire estate.

In Sharp v. Sharp, 230 Ala. 539, 161 So. 709, the Supreme Court said:

"In decreeing and fixing the amount of alimony, whatever discretion is given the court 'is judicial, not arbitrary,' and is subject to review on appeal. (Citations omitted.)" (230 Ala. at page 541, 161 So. at 711)

The pleadings and the proof show that the parties were married on February 20,

1937, and they separated some twenty-nine and one-half years later. For some years after their marriage the husband farmed and the wife worked alongside him in the field. About 1949 they left the farm and moved into town and he began to work as a laborer. After that the wife contributed only the usual domestic duties to their welfare, but the appellant does not contend that she in anywise failed him in the performance of her household and wifely duties. But apparently the separation was caused by his hunting too much at night and her suspicion that he just might be hunting something "wild" but not "game". From the marriage one child was born dead. The wife was fifty years old at the time of trial. Presumably, the husband is as old or older.

Plainly, the wife is entitled to some consideration and to such security as the husband can reasonably provide. On the other hand, the husband is entitled to retain some fair share of his estate and to an opportunity to provide some security for himself.

 We think a fair division of the real estate would be to award the wife her husband's one-half interest in the dwelling until her death or remarriage, with reversion of his one-half interest to him if he survives her, but to her in fee if she survives him; and to leave title in appellant to his one-half interest in the vacant lot adjoining the lot upon which the dwelling is situated. We think the husband should not be required by the court's decree to make the mortgage payments. We realize that as between the appellant and the mortgagee we cannot relieve the appellant of liability, but we conclude from the evidence that the dwelling and lot are worth several times the amount of the mortgage.

We think and hold that the husband is entitled to one-half in value of the household goods.

We are of the opinion and so hold that the allowance to the wife of monthly alimony in the amount of $60.00 per month is fair and reasonable. The testimony

shows that the appellant earned about $400.00 per month after tax deductions during the year before the divorce was granted. Although his fixed expenses are considerable we think he can make the alimony payments without too much harm to himself. We realize that the wife cannot live well on $60.00 per month, but we are not persuaded that she cannot earn at least a part of her own living. That part of the decree awarding alimony is affirmed; likewise, an award of a solicitor's fee of $175.00.

Affirmed in part and reversed and remanded in part with directions.