Barnes v. Barnes.

---

## BARNES v. BARNES.

1. **Divorce**: ALIMONY TO PARTY IN FAULT. Alimony is rarely, and only under peculiar circumstances, granted to the party in fault, even when that party is the wife: and, in this case, where the husband was in fault, he being about fifty-eight years old, able-bodied and able to support himself, and having already carried away from the homestead about $400 worth of property, it was error to grant him $300 alimony and make it a lien on the homestead, which consisted of forty acres of land bought and improved with the wife's money, held in her name, and worth about $1,600. The order allowing the husband $25 as temporary alimony to pay attorney's fees will be permitted to stand, but no lien upon the homestead will be allowed therefor.

*Appeal from Lee District Court.*

THURSDAY, OCTOBER 5.

THE plaintiff commenced an action for divorce from his wife, the defendant, on the ground of cruel and inhuman treatment. The defendant denied the allegations of the petition and filed a cross-petition claiming a divorce from the plaintiff on the ground of cruel and inhuman treatment, desertion

and habitual drunkenness.   Pending the trial the court made an order that the defendant pay into court for the use of the plaintiff, to pay his attorney, $25.   This sum was not paid. Upon the final hearing the court found against the plaintiff on his petition, and in favor of the defendant on her cross-petition, and that she is entitled to a divorce from the plaintiff.

The court further found that the plaintiff is entitled to alimony in the sum of three hundred dollars, which is to include fifty dollars as plaintiff's attorney's fees, which fifty dollars includes the twenty-five dollars allowed as temporary alimony, and decreed that said sum of three hundred dollars be a lien upon forty acres of land owned by the defendant and which the parties occupied as a homestead.   From these orders respecting alimony the defendant appeals.

*J. F. Smith*, for appellant.

*F. H. Sample*, for appellee.

DAY, J.—The parties were married in Virginia in 1851, where they resided untill 1872, when they removed to Lee county Iowa.   They brought with them of their joint means about $385, which was used in the support of their family. Prior to their coming to this State the defendant inherited $1,800 from the estate of her father, with a part of which the parties purchased forty acres of land upon which they have since resided as a homestead, paying therefor $1,400 and taking the title in the wife's name.   This property has been somewhat improved, and is now worth about $1,600.

All the improvements have been paid for with the wife's money, with the exception of a little ditching and clearing the property of weeds, which was done by the personal labor of the plaintiff.

The plaintiff is in the habit of becoming intoxicated.   In the summer of 1877, the plaintiff refused to work the premises, and procured employment elsewhere.

In the fall of that year the plaintiff left the defendant, and has not lived with her as her husband since.   At the time

of the trial the plaintiff was about fifty-eight years of age, and the defendant about fifty-six. The plaintiff is an able bodied man, and when sober, is industrious, and able to support himself. The parties have several children, all of whom have attained their majority, except one daughter, who lives with her mother, and was fourteen years of age at the time of the trial. When plaintiff went away he took most of the personal property upon the place, consisting of three horses and a colt, three cows, eight head of hogs, wagon, plows, and a harrow, of the value of about $400.

In granting the plaintiff permanent alimony under the circumstances of this case we think the court erred. Alimony is rarely and only under peculiar circumstances granted to the party in fault, even when that party is the wife. The property out of which alimony was allowed in this case was entirely purchased with the money of the wife, and we are satisfied from the evidence that the plaintiff by his labor contributed to its value only in a small degree, and that contribution arose principally out of the proper husbandry of the premises, in their annual cultivation.

Whatever permanant improvements were placed upon the land were paid for out of the wife's money. The whole premises are now worth less than the sum which the defendant received from her father's estate. The defendant has no sons who owe her service, and has a daughter dependent upon her. The imposition of a lien of $300 upon the homestead in her present circumstances would certainly embarrass her, and might result in the loss of her homestead. The plaintiff, upon the other hand, if he remains sober, can easily provide for his own support. As illustrative of the general rule that permanent alimony will not be awarded the party in fault, see *Shafer v. Shafer*, 6 N. W. Rep., 768. The order allowing the plaintiff twenty-five dollars as temporary alimony for the payment of attorney's fees will be permitted to stand, but no lien upon the homestead will be allowed therefor. In all other respects the judgment respecting alimony is.

REVERSED.