EMERINE COULTHARD v. JAMES COULTHARD, Appellant.

WHAT IS "LEGAL CRUELTY": CHARGING UNCHASTITY UNDER CIRCUMSTANCES JUSTIFYING CHARGE, IS NOT.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, OCTOBER 11, 1894.

ACTION for a divorce. Decree for plaintiff. Defendant appeals.— *Reversed.*

*L. R. Bolter & Sons* for appellant.

*S. H. Cochran* for appellee.

KINNE J.—I. Plaintiff's cause of action is based upon cruel and inhuman treatment, consisting of threats, abusive language, and personal violence. Defendant denies the charges, and asks a divorce from plaintiff upon the ground of adultery. In a reply, plaintiff denies the acts of adultery charged. The court dismissed defendant's cross bill, and entered a decree for plaintiff.

II. We shall not enter into a detailed discussion of the evidence in this case. To do so would serve no useful purpose. Furthermore, much of the testimony is of such a character as to be unfit for publication. We have reached the conclusion that this case should be reversed. The plaintiff's claim for a divorce is based upon cruelty. The evidence fails to show any actual violence toward plaintiff. The most that can be said is that the husband was guilty of using abusive and improper language to his wife, charging her with having committed adultery with one Russell. It will be conceded that the use of language imputing unchastity to a wife, by her husband, may, under certain circumstances, amount to legal cruelty, for which a divorce should be granted. Where, however, such language is used under circumstances which clearly justify the truth of the charge, and where, as in this case, the evidence abundantly establishes the wife's guilt, it can not be said that a charge of illicit connection with another man is a ground for granting a divorce to the party thus accused. These parties, as appears without conflict, had lived happily together as husband and wife for almost twelve years, and it was only after the coming of Russell into the family that the trouble began. When defendant charged his wife with being unfaithful to him, Russell, who was standing

by, made no denial. The evidence is overwhelming that plaintiff and Russell resorted to rooms together; that they lay in the hammock together; that they frequently stayed upstairs together; went together to dances, leaving the husband at home. Further than this, the evidence shows acts of actual intercourse between plaintiff and Russell; also, that they were seen in bed together; that they were indecent in their conduct toward each other. Her conduct was such as to warrant her husband in believing her unfaithful to him. Her bill should have been dismissed. From what we have said, it is clear that defendant was entitled to a decree of divorce on his cross bill. Unless we are to hold that a half dozen unimpeached witnesses have deliberately committed perjury, we see no way to uphold the decree of the district court. For all that appears, these witnesses are worthy of belief. We do not feel warranted in rejecting their testimony as untrue.

It appears that the defendant is possessed of property worth not over two thousand dollars above his debts. Without determining whether, in any case, a party in fault is entitled to an allowance as permanent alimony, we are clear that plaintiff in this case is shown to have so conducted herself as to have forfeited all right to the defendant's property. The cause will be reversed, and a decree entered below dismissing plaintiff's bill, and granting a divorce to defendant on his cross bill, and awarding him the custody of the minor children. Defendant will, however, pay all costs. REVERSED.