(83 South. 478)

GIBSON v. GIBSON. (8 Div. 162.)

(Supreme Court of Alabama. Nov. 20, 1919.)

1. DIVORCE ⟘184(12)—ERROR IN OVERRULING DEMURRER TO BILL HARMLESS WHERE RELIEF IS GRANTED ON ANOTHER GROUND AFTER AMENDMENT.

Whether in a divorce suit based on abandonment it was error to overrule respondent's demurrer, the error, if any, was harmless where the bill was subsequently amended charging adultery also, and relief was expressly granted upon such ground.

2. DIVORCE ⟘146 — SUBMISSION UPON ANSWER INCLUDES CROSS-BILL IN SAME INSTRUMENT.

Where an answer in a divorce suit is made a cross-bill and is contained in the same instrument, a submission upon the answer necessarily includes the cross-bill.

3. DIVORCE ⟘211—WIFE ENTITLED TO ALIMONY PENDING SUIT AS OF RIGHT.

Under Code 1907, § 3803, the wife is entitled to alimony pending suit as a matter of right.

4. DIVORCE ⟘235 — WIFE ENTITLED AS OF RIGHT TO PERMANENT ALIMONY UNLESS IN POSSESSION OF SUFFICIENT SEPARATE ESTATE.

Under Code 1907, § 3804, the wife is entitled to permanent alimony upon the granting of a divorce, whether in her favor or in favor of the husband, as a matter of right, unless she has a separate estate sufficient for her support, in view of sections 3805 and 3806.

5. DIVORCE ⟘240(2)—FACTORS DETERMINING AMOUNT OF ALIMONY.

Where evidence of complainant in a divorce suit showed that respondent was an able-bodied man, a good farmer, that he made good crops, and that he built a house on a tract of land legal title to which was in his father, and respondent's evidence showed that he worked for his father merely for his upkeep and support, an order of reference should be made to ascertain the amount of alimony.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Bill by R. C. Gibson against Willie Gibson for divorce. Respondent filed a cross-bill seeking temporary alimony, solicitor's fee, and permanent alimony. There was a decree granting divorce, but denying alimony, and from this decree respondent appeals. Reversed and remanded in part, and affirmed in part.

The facts sufficiently appear. The respondent's note of submission contained, among other things, "answer to original bill and amendment."

Wert & Lynne, of Decatur, and Sample & Kilpatrick, of Cullman, for appellant. Demurrers as to voluntary abandonment should have been sustained. 196 Ala. 164, 71 South. 696; 74 South. 971; 14 Cyc. 611. The evidence did not warrant the decree rendered. 198 Ala. 225, 73 South. 474; 80 Ala. 600, 2 South. 337; 9 R. C. L. 333. Respondent was entitled to alimony. 198 Ala. 225, 73 South. 473; 113 Ala. 319, 21 South. 34; 121 Ala. 439, 25 South. 573; 179 Ala. 652, 60 South. 624; 195 Ala. 641, 71 South. 415.

Callahan & Harris, of Decatur, for appellee. Counsel discussed the evidence, and insists that the judges were correct, but they cite no authorities.

ANDERSON, C. J. [1] Whether the trial court did or did not err in overruling the respondent's demurrer to the original bill for abandonment is of no moment, for the reason that the bill was subsequently amended charging adultery also, and the trial court expressly granted relief upon this latter ground; so, if there was error in the ruling upon the pleading as to the abandonment feature of the bill, it was error without injury.

A discussion or recital of the evidence in this case can serve no good purpose. It is sufficient to say that the same has been carefully considered, and we think that the weight of same supported the conclusion of the trial court and the decree must be affirmed upon the original bill.

[2] The trial court erred in holding that the respondent's cross-bill was not included in the note of submission, even if it was necessary to so note the pleading, which we do not decide. The answer was made a cross-bill, they were one and the same instrument, and the submission upon the answer necessarily included the cross-bill. S. & N. R. R. Co. v. Mauter, 202 Ala. 326, 80 South. 408.

---

⟘For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] Under section 3803 of the Code of 1907, the wife is entitled to alimony pending suit as a matter of right. Edwards v. Edwards, 80 Ala. 97; Jeter v. Jeter, 36 Ala. 391; Rast v. Rast, 113 Ala. 319, 21 South. 34.

[4] It also seems that under section 3804 the wife is entitled to permanent alimony upon the granting of a divorce, whether in her favor or in favor of the husband, as matter of right, unless she has a separate estate sufficient for her support and maintenance. While section 3805 is directory as to the nature and amount of allowance when the decree is in favor of the wife, and section 3806 is applicable as to the allowance to be made when the decree is in favor of the husband for the misconduct of the wife, and while the court is given considerable discretion as to the amount allowed, to be based upon the ability of the husband and the misconduct of the wife, she cannot be deprived entirely of alimony unless she has an estate, as provided by section 3804. See the case of Lovett v. Lovett, 11 Ala. 763, for an interpretation and discussion of the progenitor of the present statute.

It is true the statute, in dealing with alimony, temporary and permanent, requires that the allowance must be from the estate of the husband, and, if the husband has no estate, there is nothing upon which to predicate alimony, for, as was said in the case of Murray v. Murray, 84 Ala. 363, 4 South. 239:

"We hold we cannot compel him to labor and earn an income, although some authorities assert that doctrine."

[5] Yet we have also held that in arriving at the proper amount of alimony the court should take into consideration the age, vigor, and other earning capacity of the man. Ex parte Whitehead, 179 Ala. 652, 60 South. 924; Johnson v. Johnson, 195 Ala. 641, 71 South. 415. The complainant's evidence showed that the respondent was an able-bodied man, a good farmer, and that he made good crops, and that he built a house on the tract of land, though the legal title was in his father; while the respondent seeks to overcome this proof by testifying that since the separation he works for his father merely for his upkeep and support, and which is rather unreasonable. The trial court should at least order a reference to ascertain the amount of alimony, temporary and permanent, and, if need be, the register can take further testimony on the subject.

The decree of the circuit court granting complainant relief under the original bill is affirmed, but is reversed for not granting respondent relief upon her cross-bill, and the cause is remanded.

SAYRE, GARDNER, and BROWN, JJ., concur.