(104 So. 27)

### ROBERTSON v. ROBERTSON.
### (6 Div. 266.)

(Supreme Court of Alabama. Jan. 15, 1925. Rehearing Denied April 30, 1925.)

*1. Appeal and error* ⟜1040(5)—*Error, if any, in sustaining demurrer to husband's cross-bill for annulment of marriage for undue influence over him by wife, held harmless, where he admitted marriage was bona fide.*

Error, if any, in sustaining demurrer to cross-bill of husband seeking annulment of marriage because of undue influence of wife in procuring marriage, was harmless, where husband admitted that marriage was bona fide and voluntary and intentionally entered into by both parties.

*2. Divorce* ⟜227(1), 240(2)—*Amount of alimony and counsel fees awarded wife reduced where divorce granted for her misconduct.*

Though under Code 1907, §§ 3804 and 3806, a wife, who has no separate estate, cannot be deprived entirely of alimony, where husband is granted divorce under section 3793 because of wife's misconduct, amount of alimony and counsel fees awarded her will be reduced.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Jimmie W. Robertson against Edwin Robertson and cross-bill by respondent. From the decree, respondent appeals. Reversed, rendered, and remanded.

Horace C. Wilkinson, of Birmingham, for appellant.

A marriage procured by fraud or duress may be annulled by a court of equity. Ysern v. Horter, 91 N. J. Eq. 189, 110 A. 31; Kelley v. Kelley, 206 Ala. 334, 89 So. 508; Hawkins v. Hawkins, 142 Ala. 571, 38 So. 640, 110 Am. St. Rep. 53. It was error to dismiss the cross-bill.

Black & Harris, of Birmingham, for appellee.

The fact that one of the parties did not contemplate the actual assumption of the marital relation is no ground for annulment of the marriage. Johnson v. Johnson, 176 Ala. 449, 58 So. 418, 39 L. R. A. (N. S.) 518, Ann. Cas. 1915A, 828; Wimbrough v. Wimbrough, 125 Md. 619, 94 A. 168, Ann. Cas. 1916E, 920.

MILLER, J. This is a bill in equity by Jimmie W. Robertson against Edwin A. Robertson, alleging their marriage and seeking maintenance and support. The respondent filed · answer in the nature of a cross-bill, seeking to have the marriage annulled for undue influence over him by her, and if the marriage is upheld then he seeks divorce on a ground permitted by the statute. Section 3793, Code 1907.

[1] The court sustained demurrers to that part of the cross-bill seeking annulment of the marriage on account of her undue influence in its procurement; and if in this the court erred—which we do not even intend to intimate that it did—then it was error without injury to him, the appellant, because in his testimony in the cause on the merits he admits the marriage was bona fide and voluntary and intentionally entered into by both parties. The court on final hearing on pleading and proof denied cross-respondent relief, and dismissed the cross-bill without prejudice. This was wrong. The great weight of the evidence sustains the averments of the cross-bill, seeking divorce on a statutory ground alleged therein. The statute does not require us to discuss the evidence and show thereby the correctness of this conclusion. In the interest of the parties, it is best that no testimony be narrated or discussed in this opinion. Let a decree be entered here divorcing them from the bonds of matrimony and allowing each to marry again, if either should so desire, as the statutes permit and direct.

[2] The decree of the trial court directed Edwin A. Robertson to pay her the sum of $608 as maintenance pendente lite from De-

cember 1, 1923, to July 15, 1924. This is reasonable under the circumstances and is affirmed by this court. The trial court by the decree fixed the amount of her support and maintenance at the sum of $85 per month beginning on August 1, 1924. This amount of support and maintenance is reduced on account of her misconduct from $85 per month to $50 per month, and this $50 per month is to be paid monthly by him beginning August 1, 1924. She cannot be deprived entirely of alimony because she has no separate estate. Sections 3804 and 3806, Code 1907; Gibson v. Gibson, 203 Ala. 466, 83 So. 478; Jones v. Jones, 95 Ala. 443, 11 So. 11, 18 L. R. A. 95.

The decree fixed her solicitor's fee at $500; this amount is reduced by us because of the result of her cause from $500 to $300. Bulke v. Bulke, 173 Ala. 138, 55 So. 490.

This cause will be remanded for the trial court to enter a decree for her solicitor's fee, her temporary support, pendente lite, and her permanent support, in accordance with this opinion, and for the enforcement and future control of it.

For the errors mentioned, the decree is reversed, one is here rendered, and the cause is remanded with directions.

Reversed, rendered and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.