W. J. BLAIN, Appellant, v. ROSETTA BLAIN, Appellee.

**DIVORCE:** Alimony—Guilty Party—Discretion of Court. The allowance of alimony to a guilty party is within the legal discretion of the court.

**DIVORCE:** Alimony—Excessive Alimony. Allowance of alimony reviewed, and held excessive.

Headnote 1: 19 C. J. p. 244, 249.   Headnote 2:   19 C. J. p. 269.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

NOVEMBER 17, 1925.

ACTION against defendant for divorce. The district court granted the prayer of the plaintiff's petition, but in its decree provided that plaintiff should pay to defendant the sum of $5,000 as alimony. From this allowance of alimony, the plaintiff appeals.—*Modified and affirmed.*

*C. S. Cooter* and *A. D. Pugh,* for appellant.

*Parsons & Mills,* for appellee.

ALBERT, J.—Appellant and appellee were married in 1892. To this union two children were born, both of whom died in

infancy.   The first ten years of their married life were spent
in farming a tract of land near Prairie City,
which was then owned by the father of appel-
lant.   They later moved to the city of Des

1. DIVORCE: ali-
mony: guilty
party: discre-
tion of court.

Moines, where appellant engaged in real estate business, and
later in the grocery business.   On the death of his father he in-
herited the 96-acre farm above referred to, together with a resi-
dence property in the city of Des Moines; and appellee acquired
by inheritance money which was invested in two residence prop-
erties in the city of Des Moines.   The truth is that all the prop-
erty in controversy herein was inherited, as above specified, and
no money or property involved is the result of their joint ef-
forts.

In April, 1923, the appellee herein, Rosetta Blain, filed a
petition in the Polk County district court against appellant, ask-
ing a divorce on grounds of cruel and inhuman treatment.   In
that proceeding appellant answered, and filed a cross-petition
asking a divorce against his wife.   On the trial of that case, the
appellant herein dismissed his cross-petition, and on December
24, 1923, the case went to decree, resulting in the holding that
Rosetta Blain had failed to furnish sufficient evidence to sus-
tain the allegations of the petition or to entitle her to a divorce.
Said petition was dismissed at her cost.   In that proceeding one
of the contentions was that the appellant herein suffered from
a venereal disease, which he had communicated to her.

On the 28th of December, 1923, the appellant herein filed
his petition against appellee, asking for a divorce on the grounds
of cruel and inhuman treatment.   Appellee answered, and filed
cross-petition, the grounds of which were cruel and inhuman
treatment.   Appellant answered the cross-petition with a gen-
eral denial and a plea of former adjudication.   There was appar-
ently no contention whatever but that the appellant was entitled
to a divorce on the evidence introduced, which went to the cruel
and inhuman treatment charge by reason of the unproved
charges against him in the former case, relative to his affliction
with a venereal disease.   The decree gave him a divorce, and
from that part of the decree no appeal seems to have been taken;
but, as stated above, it awards appellee herein $5,000 alimony.
From this award the plaintiff appeals.

As to the marital relations between the parties, we have very little light. Enough, however, has crept into the record to show that their married life was not a bed of roses. The record, however, does show that the inherited property of each was kept, treated, and handled separately. The evidence as to the value of the respective inheritances varies greatly. As to the 96-acre farm, the estimates of value range from $125 to $150 an acre; while the valuation of the town property ranges from $3,000 to $5,000 each. We think a fair estimate of the worth of the assets of the appellant is approximately $20,000; while that of appellee is approximately $10,000.

The appellee had an income of about $75 a month from the town properties in her name. There seems to have been no question but that the appellee properly performed her duties as housewife. On the other hand, appellant seems to have been a satisfactory provider, and to a large extent, if not entirely, furnished the living.

The evidence shows that, at the time of the trial, the appellee was about 44 years of age, while the appellant was about 46. Appellee was apparently in good health, but the appellant was a sufferer from gallstones, and was to have an operation performed therefor, the result of which no one could forecast.

The decree determined that the appellee was the "guilty party," and appellant insists that, this being true, she forfeited the right to alimony. We have, however, by reason of Section 3180 of the Code of 1897 (Section 10481, Code of 1924) held that, even though decree be granted, under certain conditions alimony may be awarded to the guilty party. *Leupold v. Leupold,* 164 Iowa 595; *Coulthard v. Coulthard,* 91 Iowa 742; *McDonald v. McDonald,* 117 Iowa 307; *Barnes v. Barnes,* 59 Iowa 456; and *Mitchell v. Mitchell,* 193 Iowa 153, in which latter case are cited all former decisions affecting this proposition. It is apparent from a review of these decisions that the question of whether alimony shall be allowed the guilty party, under these circumstances, is largely a discretionary matter with the court.

In *Mitchell v. Mitchell,* supra, a somewhat similar set of circumstances existed as prevails in this case. In that case the husband had property worth about $50,000, and the guilty wife

2. Divorce: alimony: excessive alimony.

was awarded $7,500 by the lower court. In reviewing that award, we held that the same was excessive, and reduced it to $3,000. We are disposed to view the present case in a very similar light. While we do not feel that the court erred in allowing the appellee alimony, we do feel that the amount allowed was excessive, and in our judgment it should be reduced. The fact questions, as well as the law involved herein, are so nearly parallel with the *Mitchell* case that we refrain from further comment. In accordance with the precedent established in that case, we feel that appellee's award of alimony should be, and the same is, fixed at $1,200. The original decree of the district court is modified accordingly.—*Modified and affirmed.*

Faville, C. J., and Evans and Morling, JJ., concur.