(124 So. 107)

**NEVILLE v. NEVILLE.** (8 Div. 50.)

Supreme Court of Alabama.    Oct. 10, 1929.

58

S. A. Lynne, of Decatur, for appellant.

Wm. E. Skeggs, of Decatur, for appellee.

GARDNER, J. Anderson Neville, colored, and 86 years of age, seeks a divorce from his wife, Nettie, 65, on the ground of voluntary abandonment. He was denied relief, and appeals.

The wife has a life estate in a house in Decatur where she and her husband lived for many years. But he had the urge of the country, and several years ago purchased a 10-acre tract 4 miles from Decatur, renting part of it and cultivating the remainder. It has a fairly good house on it, and he also operates a little store. Abandoning the plan of going back and forth, 4 years ago Anderson decided to move into his house and make that his home. His evidence and that of the witnesses is to the effect that his wife declined, though sufficiently urged, to go with him, preferring to remain in the city.

■ It is the well-recognized rule that the husband may choose and fix the domicile of himself and wife, and, when he exercises this power, the wife's refusal to accompany him and share with him the home of his selection is tantamount to an abandonment of him by her, and, if continued for the statutory period, becomes a ground for divorce against her. Winkles v. Powell, 173 Ala. 46, 55 So. 536. The rule has its limitations. The power to so select the domicile must be reasonably and not arbitrarily exercised. Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773.

■ We find nothing in this record to justify the conclusion that the husband has acted arbitrarily or unreasonably. The evidence is to the effect there was nothing he could do to earn a livelihood in the city, but that he could do so on the little home in the country. We have carefully considered the evidence of the wife in denial of his invitation to go with him, and her witnesses as to the exact time of the husband's removal to the country, and we have given careful study to all the proof offered by the respective parties. To discuss it here would serve no useful purpose. Suffice it to say, we are persuaded this old man acted in good faith in selecting his new home, and that his wife declined to accompany him, preferring to remain in her house in Decatur, and that such refusal has continued more than the statutory period of 2 years. We therefore conclude complainant is entitled to his divorce.

■ Complainant receives a government pension of $65 per month. Defendant can earn by her labor only a small income. Her interest in the home is for life, and she derives some income from renting rooms. This is doubtless uncertain as to amount and duration, and insufficient for her support. Under these circumstances, by virtue of our statute (section 7420, Code of 1923), the wife is entitled to alimony, notwithstanding a divorce by the husband on account of her misconduct. Gibson v. Gibson, 203 Ala. 466, 83 So. 478; Robertson v. Robertson, 213 Ala. 114, 104 So. 27.

■■ We think the alimony allowed the wife should be reduced to $15 per month, but see no occasion for a modification as to the amount of her counsel fee. The monthly allowance is, of course, subject to future modification.

The decree of the chancellor will be reversed, and one here rendered granting complainant a divorce on the ground of voluntary abandonment. The cause will be remanded to the end that the chancellor may enter a fur-

ther decree as to alimony and counsel fee in accord with the views herein expressed.

Reversed, rendered, and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.