(135 So. 169)

## ALLEN v. ALLEN.
### 6 Div. 720.

Supreme Court of Alabama.
May 14, 1931.

Rehearing Denied June 18, 1931.

224

William Vaughan, of Birmingham, for appellee.

H. M. Abercrombie and Jarrett Abercrombie, both of Birmingham, for appellant.

## BROWN, J.

In Johnson v. Riddle & Ellis et al., 204 Ala. 408, 85 So. 701, 703, the statutes, now sections 6574, 6575 of the Code of 1923, authorizing the judge before whom an equity case is pending, "at any time before final decree (to) cause any or all of the witnesses to be examined orally before him in open court," and providing "the judge trying the case must require the court reporter or some other competent stenographer, to take down the testimony, as delivered, and such judge may require such testimony to be transcribed in typewriting, and certified to by the stenographer and file the same in the cause," were construed to be mandatory as to the tran-

scription and filing of the testimony. It was there observed: "The act did not intend to deny an opportunity for review in this court; on the contrary, to the end that there might be a review, the provision is that the chancellor or judge trying the case must require the court reporter, or some other competent stenographer, to take down the testimony as delivered, and such judge or chancellor may —meaning 'must,' since the act authorized is for the advancement of justice (Endlich, Interp. Stats. § 306)—*require such testimony to be transcribed in typewriting, certified by the stenographer, and filed in the cause.* We have recently decided that the testimony so certified must be noted in the note of testimony. Lunday v. Jones, 204 Ala. 326, 85 So. 411. All of which means, of course, that testimony so taken should be shown in the transcript on appeal." (Italics supplied.) The statute has been brought forward in the Code, since the decision in that case, with the result that this interpretation has become a part of the statute. Barnewall v. Murrell. 108 Ala. 366, 18 So. 831.

And in Turner v. Turner, 193 Ala. 424, 431, 69 So. 503, 506, the court dealing with the purpose and scope of rule 75 of chancery practice, requiring the testimony in equity cases to be noted by the register, it was said: "It may be conceded * * * that the rule has the force and effect of a statute, and that it is both mandatory and prohibitory, excluding from consideration any testimony not so noted, though the testimony may be found among the papers in the cause. The effect of the rule is by reference in the note of testimony *to make a record of the evidence* in substitution for that afforded by the ancient practice of the chancellors of reciting in their decrees at length the entire pleadings in the cause and the substance of the evidence contained in the depositions. Fletcher's Eq. Pl. & Pr. § 718. It serves the purpose besides of bringing to the chancellor's attention the evidence upon which the parties rely, and upon appeal to give this court indubitable information as to the evidence taken into consideration by the chancellor in arriving at the conclusion stated in his decree." (Italics supplied.)

■ Therefore, testimony given ore tenus in an equity case as provided by the statute, and taken down in shorthand, when noted by the register as required by Chancery Rule 75, becomes a part of the record, and the parties, on proper motion, are entitled to have an order of the court requiring the stenographer to transcribe the same and file it in the case, the cost thereof to be taxed as in the case of other depositions. The court has power to make such order and perfect the record after an appeal has been taken. Seymour & Sons v. Thomas Harrow Co., 81 Ala. 250, 1 So. 45.

■■ Where there is a diminution of the record, rule 19 of Supreme Court practice provides the remedy; and if the trial court ex mero motu makes an appropriate order and refuses on motion of the parties to require a transcription of the testimony, petition for mandamus would lie.

■ However, if the appellant submits on the record without suggesting a diminution, he waives his right to certiorari to perfect the record, and this court will proceed to dispose of the case on the record as it is. Hogg v. Jenifer Iron Co., 215 Ala. 683, 112 So. 207.

■ It appears on the face of the record that much of the testimony was given orally and in open court, and has not been transcribed and incorporated in the record. Therefore, the conclusion of the circuit court as expressed in the decree dissolving the bonds of matrimony between the complainant and the defendant, and dismissing the cross-bill, cannot be reviewed on this record.

We are of opinion, however, that it will be to the best interest of the parties concerned, and for the public good, that both parties be permitted to contract marriage if they so desire, and in this respect the decree granting a divorce to the complainant, allowing solicitor's fees, and dismissing the cross-bill is corrected, and as corrected is affirmed. Robertson v. Robertson, 213 Ala. 114, 104 So. 27.

■ We are of opinion, furthermore, that the circuit court erred in denying to the defendant alimony, both temporary and permanent. Under the statute she is entitled to alimony pendente lite, as a matter of right. Code 1923, § 7417; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Ortman v. Ortman, 203 Ala. 167, 82 So. 417.

And, if the wife has no separate estate, or if she has such estate and it is insufficient for her maintenance, she is entitled to some allowance as permanent alimony. Code 1923, § 7418; Gibson v. Gibson, 203 Ala. 466, 83 So. 478; Robertson v. Robertson, supra.

The question, as to whether or not there has been a settlement of their property rights, was referred to the register and the finding of the register is adverse to the contention of appellee that there was such settlement.

The register found and reported that $25 per month was a reasonable allowance to the defendant as temporary alimony. The suit was pending about six months, and the aggregate allowance as temporary alimony at $25 per month would be $150. The husband is shown to have an estate worth $2,000 and is receiving a regular salary of $150 per month. At the time of the separation, the defendant, with the consent of the complainant, took from the home about $500 worth of

**226**

personal property, and the judgment here is that she should be allowed this property, and in addition thereto, the sum of $250, making a total allowance of $750 as permanent alimony.

The decree of the circuit court, in so far as it denied to the defendant alimony temporary and permanent, is reversed, and a decree is here rendered allowing the appellant $150 as temporary alimony, the property which she has heretofore removed, and the further sum of $250 as permanent alimony. The appellee is taxed with the cost of the appeal and the costs of the suit.

Corrected and affirmed in part, and in part reversed and rendered.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.