[No. 24325. Department Two. June 20, 1933.]

THORVALD NERLAND, *Appellant,* v. RUTH FLORENCE. NERLAND, *Respondent.*[1]

*Fred C. Brown,* for appellant.

*Allen, Froude, Hilen & Askren,* for respondent.

BLAKE, J.—The plaintiff and defendant were married. in Chicago in 1920. The plaintiff is a railroad man, and at that time he was employed by the Illinois Central R. R. Co. In January, 1926, he entered the service of the New York Central and came to Seattle, where he has since resided. Except for a brief sojourn in Seattle from October, 1926, to January, 1927, defendant has continued to reside in Chicago. The plaintiff

[1]Reported in 23 P. (2d) 24.

brought this action in 1931, asking for a divorce on the grounds of desertion and cruelty. The defendant by cross-complaint prayed for a decree of divorce, settlement of property rights and custody of their daughter, a child about seven years old.

The court entered an interlocutory order, granting plaintiff a divorce on the ground of desertion and awarding him all of the property the parties had accumulated, with the exception of the household furniture, which had at all times been in possession of defendant in Chicago. The latter the court awarded to defendant. The custody of the daughter was given to the mother. The order also required plaintiff to pay defendant sixty dollars per month alimony for a period of two years, and sixty dollars per month for the support of their daughter.

The plaintiff appeals, and assigns as error: (1) That the allowance for the support of the child is excessive; and (2) that, since the defendant was found to be at fault, the court abused its discretion in making any allowance for alimony.

 Allowances for the support of children are within the discretion of the trial court, and unless there is a clear abuse in the exercise of such discretion, this court will not modify the allowance made. The appellant, from the time he entered the service of the New York Central until February, 1932, was on a salary of three hundred dollars per month. During the five years preceding the commencement of the action, he had been sending to respondent an average of one hundred twenty dollars per month for the support of herself and daughter. The child has not been strong, and has required medical care to an unusual extent. The appellant himself testified that he thought fifty dollars per month would be a fair allowance for her support. We think, under all the circumstances, that

the allowance made by the trial court was well within its discretion.

■ The second assignment offers more difficulty. It was the rule at common law that alimony would not be allowed when the wife was the party at fault. 19 C. J. 244. The harshness of the rule, however, has been mitigated by many courts in the construction of statutes such as ours (Rem. Rev. Stat., § 989), giving the court plenary power to make such disposition of the property of the parties as "shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce." *Pryor v. Pryor,* 88 Ark. 302, 114 S. W. 700, 129 Am. St. 102; *Mitchell v. Mitchell,* 193 Ia. 153, 185 N. W. 62; *Blain v. Blain,* 200 Ia. 910, 205 N. W. 785; *Cairns v. Lewis,* 169 Min. 156, 210 N. W. 885; *Neville v. Neville,* 220 Ala. 57, 124 So. 107; *Higgins v. Higgins,* 222 Ala. 44, 130 So. 677; *Vigil v. Vigil,* 49 Colo. 156, 111 Pac. 833, 31 L. R. A. (N. S.) 578; *Ecker v. Ecker,* 22 Okla. 873, 98 Pac. 918, 20 L. R. A. (N. S.) 421; *McFadden v. McFadden,* 22 Ariz. 246, 196 Pac. 452. In the last cited case, it is said:

"The general rule is that where a divorce is granted because of the wrongful conduct of the wife, she should not be given permanent alimony. 19 C. J. 244, § 568. Paragraph 3869 of the Civil Code, concerning permanent alimony, does not so provide, but courts of other states with similar statutes have so stated the rule. We approve the rule as a wholesome one, founded upon a wise public policy; but to give it uniform application would often result in great injustice, so it has its exceptions, and whether it should be followed or not in a given case is left largely to the discretion of the trial court. Each case is a problem in itself that must be solved according to its own facts and circumstances, and the solution by the trial court will not ordinarily be disturbed unless clearly or palpably erroneous."

In *Van Gelder v. Van Gelder,* 61 Wash. 146, 112 Pac. 86, this court discussed the question of granting alimony to a wife at fault on the apparent assumption that the court has the power to do so. While the claim of the wife was denied in that case, the court said: "In all cases of this kind or character, the court should be governed by the facts of the particular case before it."

Construing Rem. Rev. Stat., § 989, in *Fitzpatrick v. Fitzpatrick,* 105 Wash. 394, 177 Pac. 790, this court said:

"While the circumstance of fault is a proper matter to be inquired into in making the division, it is only a persuasive matter; it does not require that a larger proportion of the property be given to the party not in fault than is given to the other."

Under this statute, we think it is clearly within the discretion of the trial court to grant alimony to a wife though she be at fault.

Applying to the case at bar the rule as thus modified, we think the trial court not only had the discretionary power to grant alimony, but that he exercised it wisely. While the value of the property awarded appellant was somewhat problematical, by his own estimate it was worth in the neighborhood of three thousand dollars. At the time of trial, he was earning two hundred seventy dollars per month. On the other hand, the furniture awarded to the wife was of negligible value. She not only had no earning capacity, but has been in delicate health, requiring more than ordinary medical care.

Besides these considerations, the evidence as to where the fault for the desertion lay was in sharp conflict—the respondent contending that the reason she did not come to Seattle was because the appellant did not want her. And this version of the situation found

some support in appellant's own testimony to the effect that, because of misunderstandings, their married life had been very unhappy at all times.

Considering all the circumstances of the case, we think the grant of alimony to the respondent was proper.

The judgment is affirmed.

TOLMAN and MAIN, JJ., concur.

STEINERT, J. (concurring specially)—I concur in the result. However, I do not subscribe to the view that the wife may be allowed alimony when she herself has been found by the court to be at fault. In this case, it seems to me, the court was attempting to make an equitable distribution of the property between the parties. In doing so, it allowed the wife a monthly sum of sixty dollars for a period of two years. This I think was justified by the evidence, and upon that ground I concur.

BEALS, C. J., concurs with STEINERT, J.