[No. 28969. Department One. June 21, 1943.]

ALMA WERNER, *Appellant,* v. OTTO WERNER, *Respondent.*[1]

*Geo. Olson* and *Warren Hardy,* for appellant.

*Ballinger, Clark & Force,* for respondent.

MALLERY, J.—This is a divorce action. The only question raised in this appeal is with regard to the fairness of the property settlement made by the court. The court made the following findings of fact and conclusions of law:

"I. That for more than one year last past, immediately preceding the commencement of this action, each of the parties hereto were residents of Seattle, King County, Washington.

"II. That the parties hereto were married on October 31, 1931, in Seattle, Washington, and ever since have been husband and wife.

"III. That no children have been born as the issue of said marriage.

"IV. That at the time of the marriage of the parties hereto, the defendant was the owner of improved real property described as Lot 13 of Block 10 of Cove Addition to the City of Seattle, King County, Washington, which street address thereof is 1914 1st. Avenue West, together with two dining room sets, chairs and a man's chest of drawers, and the marital community of the parties hereto acquired during marriage from earnings of the defendant household furniture, furnishings and effects.

"That at the time of the marriage of the parties hereto, plaintiff had $300.00 separate funds, which she used during their marriage, and the defendant had a balance due on a real estate contract from property he had sold prior to the marriage of the parties hereto, of $3500.00, which was collected and used during the marriage of the parties to this cause.

"That the property in question is of the fair value of $4600.00, against which there is an F.H.A. loan outstanding for improvements made thereto of $300.00, making its net worth $4300.00. That during the pendency of this cause since preliminary hearing, defendant has been paying to plaintiff $67.50 per month, and the plaintiff has collected rents from the tenants in the duplex, and the garages, of $44.00 per month, and from the total income she has received of $110.50, she has made payments of $33.00 per month on said loan and has provided food for the parties hereto at an expense of $50.00 per month average, and paid other bills in the maintenance of the home from the monthly allowance, and she has remaining on hand $29.00 therefrom.

"V. That the parties hereto have each been guilty of cruelty of and toward the other, and of personal indignities, rendering life burdensome, and for 6½ years prior to the commencement of this action, through refusal of the plaintiff, there has been no marital relationship and there has been no love and affection, and although in 1937 the defendant deeded an undivided one-half

[1]Reported in 138 P. (2d) 889.

interest in the property hereinabove described to plaintiff, reciting as consideration therein 'love and affection,' none existed between the parties thereto *and defendant was caused to drink and gamble,* and it is impossible for them to further live together as husband and wife or at all.

"VI.   That the defendant is 62 years of age and the plaintiff was earning $100.00 per month as a cook and housekeeper, and *for the last 6½ years she has been but a good cook and house-keeper for the defendant.* That the sum of $50.00 was heretofore paid as ordered to plaintiff's attorneys, and the additional sum of $50.00 is a reasonable amount to allow plaintiff's attorneys for his services herein, together with plaintiff's costs and disbursements herein.

"From the foregoing Findings of Fact, the Court makes its CONCLUSIONS OF LAW.

"I.   That the Court has jurisdiction of the subject matter of the above entitled action and of the parties hereto.

"II.   That each of the parties hereto are entitled to divorce of and from the other on the ground of cruelty, and upon the expiration of six months from the entry of Interlocutory Order of Divorce herein, upon proper application therefor, there should be made and entered herein a final decree of divorce, absolutely dissolving and setting aside the bonds of matrimony heretofore existing between the parties hereto.

·"III.   That there should be awarded to the defendant as his sole and separate property, the real property situated in King County, Washington, described as follows:

> Lot 13, Block 10 of Cove Addition to the City of Seattle, King County, Washington:

free from any right, title, interest or claim of the plaintiff whatsoever, except that there should be paid by the defendant to plaintiff the sum of $2600.00 in semi-monthly installments of $39.25 each, and in addition to such payments, totaling $78.50 per month, there should be paid thereafter *any rent received by defendant* from the duplex portion of the house awarded to him, which rental amounts will likewise be credited on the total amount herein allowed to the plaintiff of $2600.00, which is without interest and which shall be paid to the Washington Mutual Savings Bank to the account of plaintiff, who shall deposit a deed with said bank, and when the sum of $2600.00 shall be fully paid, the warranty deed, to be signed now, shall be delivered to defendant by said bank to said property, conveying any interest of the plaintiff.   The defendant shall be privileged to pay said amount of $2600.00 more rapidly than directed herein.   The defendant should also· be awarded each and all of the household furniture, furnishings and effects of the parties hereto, both his separate and the marital community personalty, *free from any claim of the plaintiff* whatsoever.

"The plaintiff should not be allowed any additional amount than hereinabove granted in the sum of $2600.00, for support, maintenance or alimony, which is included as a part of the property allowance granted herein, and plaintiff's attorney shall be allowed an additional sum of $50.00, and plaintiff's costs and disbursements to be paid by the defendant."

Rem. Rev. Stat. § 989 [P. C. § 7508], controls property settlements in divorce actions.   It is as follows:

"In granting a divorce, the court shall also make such disposition of the property of the parties *as shall appear just and* equitable, having regard to the respective merits of the parties, and to the conditions in which they will be left by such divorce, and to the party through whom the property was acquired, and to

the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody, and support and education of the minor children of such marriage."

Decisions of the trial courts have uniformly been affirmed in divorce cases, where the court took into consideration all of the facts and circumstances as required by the statute. *Huff v. Huff*, 178 Wash. 684, 35 P. (2d) 86; *Nerland v. Nerland*, 173 Wash. 311, 23 P. (2d) 24; *Dailey v. Dailey*, 173 Wash. 218, 22 P. (2d) 645.

We cannot find that the trial court failed to follow the statute or abused its discretion.

The judgment is affirmed.

SIMPSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.