[No. 29907. Department One. June 20, 1946.]

W. A. BEAKLEY, *Appellant*, v. NELVA G. BEAKLEY, *Respondent*.[1]

*Ralph Purvis*, for appellant.

*Marion Garland, Sr.*, and *Marion Garland, Jr.*, for respondent.

[1]Reported in 170 P. (2d) 314.

MILLARD, J.—Plaintiff and defendant were intermarried in Seattle, in 1934, at which time plaintiff was sixty-two years of age and defendant was thirty-eight years old. The parties are childless. Shortly thereafter, the husband and wife took up their residence in Bremerton, Washington. At that time, plaintiff had eight hundred dollars in money and some shares of stock which he later sold for three hundred eighty-five dollars. Defendant had approximately fifty-eight dollars in cash.

On arrival in Bremerton, the husband purchased furniture and set up a law office in which his wife was employed during the early part of their marriage. Subsequently, this marital community purchased, on contract, an apartment house in Bremerton, of which defendant was superintendent thereafter. Six more parcels of real property were subsequently acquired in the name of plaintiff by contracts of purchase and transferred by him to Kitsap Development Company, a domestic corporation which had outstanding four shares of capital stock, three owned by plaintiff and one owned by defendant.

September, 1945, plaintiff instituted this action for divorce, which resulted in entry of findings, conclusions, and interlocutory order adjudging plaintiff entitled to a divorce and specifying the manner in which the property involved should be divided. Plaintiff appealed.

Appellant complains that the court erred in finding that all the property to which title was in the Kitsap Development Company, was community property, and that the court's division of the property was unfair and inequitable.

The trial court found—that finding is amply sustained by the evidence—that title to all of the real property of the parties is held in the name of Kitsap Development Company, and that all of the real and personal property held by that corporation is community property belonging to the marital community, composed of appellant and respondent.

Appellant testified that the apartment house, designated as parcel No. 1, was community property. The source from which was derived the moneys which went into the

other property purchase contracts, was the apartment house. The court did not err in finding that the apartment house and all other parcels of real estate acquired by appellant and respondent during marriage, were community property.

The second contention of appellant is that the trial court did not fairly divide the property of the parties. In a divorce case, all the property, both community and separate, of both parties is within the jurisdiction of the trial court for division, and such disposition of the property may be made as the court considers fair and equitable. Rem. Rev. Stat., § 989 [P.P.C. § 23-23]; *Witzell v. Witzell,* 12 Wn. (2d) 371, 121 P. (2d) 943.

Under the statute (Rem. Rev. Stat., § 989), the trial court has a wide discretion in the division of the property in granting a divorce. We have uniformly held that, unless we can say that the trial court abused its discretion in dividing the property in a divorce action, its judgment will be affirmed.

The trial court awarded to respondent telephone stock, which was her separate property, of the appraised value of $672. She was awarded her separate bank account of $300, and a fifteen-room apartment house in Bremerton, valued at $10,000. There is owing on the purchase price of that property $4,180.35, payable in monthly installments of $65. The gross monthly rentals of the property were $378. The general expenses average $125 to $150 monthly. The appraised net value of the property is $5,311.05.

The foregoing discloses that respondent was awarded property of the appraised value of $6,283.05. The decree also requires respondent to pay a promissory note of $600, representing the balance on a loan of $825 to the community used to pay for repair of the property designated as parcel 7. This reduces the amount awarded to respondent to $5,683.05.

The court awarded appellant the community bank account of $160.49; the corporation bank account of $62.33; an automobile of the value of $400, and real property itemized as parcels 2 to 7, inclusive. Parcel 2 has a gross value of $2,500 with a mortgaged indebtedness of $1,500. The monthly in-

come from that property is $40, from which should be subtracted monthly expenses of $8.25. The net value of parcel 2 is $1,000. Parcel 3 is valued at $400. Parcel 4, property at Tracyton, is valued at $1,000. Parcel 5, which was not appraised, consists of five and one-half acres of land. Parcel 6, property at Allyn, was once offered for sale for $15,000. The present monthly income from that property is approximately $135, a decrease from $300 monthly which was earned by the property immediately prior to the Japanese surrender. There is an unpaid balance on the purchase price of $2,743, payable in monthly installments of $60. The present appraised value is $4,000, less an indebtedness of $2,812, or a net value of $1,257. As late as September, 1945, the gross income from the property was $300 monthly. The monthly upkeep of the property is approximately $63, making the net monthly return $72. Parcel 7 is property which appellant values at $656, while respondent's valuation is $1,540. Appellant and respondent borrowed $825 to fix leaking roof of a house on this property. The unpaid balance of the loan is $600, which respondent is required to pay. The monthly income from this property is $25.

Respondent was awarded property of the net value of $5,683.05. The net value of the property awarded to appellant, not including parcel 5, is $5,819.

We cannot find that the trial court abused its discretion in the division of the property; therefore, the judgment is affirmed.

BEALS, C. J., STEINERT, SIMPSON, and MALLERY, JJ., concur.