[No. 30527. Department One. July 16, 1948.]

FRANK L. ANDERSON, *Respondent*, v. MERLE GENEVIEVE
ANDERSON, *Appellant*.[1]

*R. E. Mansfield* and *R. E. Young*, for appellant.

*Elliott & Lee*, for respondent.

SIMPSON, J.—This case comes to us by way of an appeal by defendant from certain portions of an interlocutory order of divorce made by the superior court of King county, Washington, in a divorce action commenced by plaintiff. The portions of the interlocutory order from which the appeal is taken, relate to the division of the property, the amount of support money for the children, and the amount awarded appellant as attorneys' fees.

The parties were married in February, 1933. Respondent was a bulldozer operator, which occupation he continued to follow after his marriage, first on a job at Odessa, and later at Kent, Washington. In 1938, he commenced to en-

[1]Reported in 195 P. (2d) 986.

gage in business as an excavating contractor at Kent, and has continued in that business since at Seattle, at Lake City, and at Des Moines. Two sons are living as issue of the marriage, and these boys are now ten and twelve years of age.

This is the third divorce action between these parties. The first two, one in August, 1944, and the second in February, 1945, were brought by appellant. This action was instituted by respondent in November, 1946. In July of 1946, appellant removed with her two children to Okanogan, where she has since resided. Just previous to her removal to Okanogan, she and her husband had determined that they could not live longer together as husband and wife, and at that time entered into a property settlement agreement. However, at the end of the trial in this case, the court refused to approve that property settlement.

The court found that both parties were capable and qualified to have the care, custody, and control of the children. He awarded their custody during the school year to appellant, and during the summer vacation to respondent. The interlocutory order provided that respondent should pay to appellant the sum of fifty dollars per month for the support and maintenance of each of the two boys while they were in the actual care and custody of their mother, until each had finished his high school course. The court further required that respondent should provide a college education for each of the children, but did not impress a lien upon any property to enforce the order. The court awarded all of the household goods and furnishings to the respondent, and required respondent to pay to appellant the sum of eight hundred twenty-five dollars within six months after the signing and filing of the interlocutory order. The real estate and personal property was awarded to respondent. The court required, however, that the respondent should pay to appellant the sum of ten thousand dollars in lieu of her share of the community property, other than the household goods and furniture. The court required that the ten thousand dollars should be paid to appellant in monthly installments of not less than one hundred dollars per month, and that

the sum of ten thousand dollars, and the sum of eight hundred twenty-five dollars, be and remain a lien upon the community real estate until the total sum had been fully paid. Another requirement was that respondent pay a mortgage obligation on the real estate. Respondent was further commanded to pay the further sum of four hundred dollars as attorneys' fees.

As stated by counsel for appellant, one of the principal questions to be determined is the extent and fair market value of the property. The court found that the fair and true market value of the community property was as follows:

| | |
|---|---:|
| Cash on hand and in bank.....................$ | 1287.38 |
| Accounts Receivable ........................... | 2861.55 |
| Excavating & Hauling Equipment.............. | 18885.95 |
| Office Furniture, fixtures & equipment.......... | 603.67 |
| Prepaid Insurance ............................ | 424.28 |
| 1750 cubic yards Leaf Mold soil in stockpile.... | 3500.00 |
| 9½ acre tract of land, home property & improvements ................................. | 25000.00 |
| Total........$ | 52562.83 |

The obligations of the community were as follows:

| | |
|---|---:|
| Notes Payable, bank...........................$ | 1000.00 |
| Contracts payable on equipment............... | 7833.41 |
| Notes payable, Al Anderson................... | 2330.71 |
| Accounts payable ............................ | 3047.03 |
| Taxes, payable .............................. | 940.65 |
| Payroll payable .............................. | 154.60 |
| Mortgage payable on house................... | 4110.66 |
| Total ........$ | 19417.06 |

This left a net market value of the property at the time of the trial of $33,145.77. The court also allowed the respondent a claim for refund from the United States bureau of internal revenue in the sum of $1,230.50.

■ Appellant contends, first, that the property owned by herself and respondent was of a greater value than that fixed by the court. The evidence upon this question was in direct conflict. It had to do with the original purchase price of certain trucks used by respondent, with certain additions built on to the trucks, with the enhanced value of personal property, due to the raise in prices, and also the release by the United States government of trucks used by the army and navy, which resulted in the purchase price of

trucks like those owned by the community being reduced about twenty-five per cent. We are unable to find that the trial judge committed any error in ascertaining the value of the personal and real property. He viewed the property. He saw and heard the witnesses and, we are satisfied, properly weighed the evidence given by them.

The next question relates to the division of the property, as made by the trial court. It is appellant's contention that she has not been given a sufficient amount of the property to maintain herself and care for her children. A casual glance at the situation might result in a conclusion foreign to that arrived at by the trial court. The fair net value of the property the court found to be $33,145.77. Of this, appellant receives but ten thousand dollars, payable one hundred dollars per month. However, we must take into consideration the fact that respondent must pay all of the obligations of the community, amounting to $19,417.06. In addition to this, he must pay nine hundred dollars a year for the support of his children, aside from giving them a college education when they graduate from high school. Added to these facts, the evidence shows that there is much competition in the business in which respondent is now engaged, and he may not be able to make a profit each year. Taking these matters into consideration, together with the fact that the trial court was better able to measure the capabilities of the respective parties to this action, we conclude that he made a fair and equitable division of the property. The court received its authority for the disposition of the property from Rem. Rev. Stat., § 989 [P.P.C. § 23-23], and Rem. Supp. 1947, § 988.

Under the provisions of these statutes, the trial court has a wide discretion in the division of the property, and its judgment will not be interfered with unless this court can say that the trial court abused its judicial discretion. *Cornwall v. Cornwall*, 13 Wn. (2d) 594, 126 P. (2d) 52; *Werner v. Werner*, 18 Wn. (2d) 875, 138 P. (2d) 889; *Holm v. Holm*, 27 Wn. (2d) 456, 178 P. (2d) 725.

A study of the 362 pages of the statement of facts, taken into consideration with the oral decision of the trial court made at the close of the hearing, convinces us that the court did not abuse its discretion, but that it very carefully went into all phases of the value of the property, the use to which it should be put, the business situation that respondent would have to face, and the welfare of all the parties to the action.

The last question has to deal with the allowance of attorneys' fees. The trial court allowed counsel for appellant the sum of six hundred dollars. Counsel contends that they should have a fee of seven hundred fifty dollars. They base this contention very largely upon a statement of the trial court that the fee allowed "is probably not as much as the work is worth." The amount allowed was in addition to a fee of three hundred dollars paid to appellant when her present counsel represented her in one of the prior actions. It is our conclusion that the fee allowed by the trial court was fair and equitable.

The judgment of the trial court will be affirmed.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and HILL, JJ., concur.