[No. 30721.  Department Two.  November 5, 1948.]

MARGARET CLARK, *Appellant,* v. B. L. CLARK, *Respondent.*[1]

*Tonkoff & Holst,* for appellant.

*Lloyd L. Wiehl,* for respondent.

SIMPSON, J.—This appeal involves the disposition of property made by the superior court in an interlocutory order of divorce.  The only assignment of error made by appellant is that the court erred in the disposition of plaintiff's and defendant's property.

[1]Reported in 199 P. (2d) 67.

Appellant and respondent were married on or about October 21, 1944. At the time of the trial, appellant was fifty-two years of age, and respondent was seventy-two years old. There were no children born as the result of the marriage. Just prior to her marriage, appellant had purchased property in Yakima for $5,300, $1,500 of which had been paid at the time the contract was entered into, and she had made other payments which gave her a total investment in the property of $2,603. After their marriage, the parties engaged in many real-estate deals. Respondent was a realtor and cared for the real-estate transactions from his office.

The total value of all properties owned by the parties at the time of the trial was $20,301.20. Their outstanding current liabilities amounted to $1,411.39. Appellant was given all of her personal clothing and effects, the home at 402 N. 8th street in the city of Yakima, and another piece of property in that city, the latter property being subject to a loan of $3,040.98. She was allowed all her household goods and a new Buick automobile. The respondent was given his personal clothing and effects, a Chevrolet automobile, four bonds of the face value of $225, and several pieces of real estate in Yakima county, some of which were encumbered. The evidence shows that the total award to appellant amounted to $11,775.71, from which she would be required to pay current debts in the amount of $1,411.39, leaving her a net award of $10,364.32. The total award to respondent amounted to $8,525.49, from which he was compelled to pay a balance of $260 attorneys fees and costs to appellant's attorney, and the sum of $500 to his own attorney, together with the costs of the divorce action.

Appellant contends that much of the property was purchased with appellant's separate funds, or the increment thereof, and that she should therefore have a greater portion of the property than that given by the trial court. The evidence shows, however, that she had only a small interest in one piece of property at the time she married respondent, that both parties worked most of the time after their mar-

riage, and that all of their income was devoted to either paying off debts owed on some of the property, including that owned by appellant when they were married, and in purchasing new property, and in maintaining the household.

No good purpose would be served by setting out in this opinion all of the details relative to the controversy existing between the appellant and respondent prior to the divorce.

The trial courts receive their authority for the disposition of property in a divorce action from Rem. Rev. Stat., § 989 [P.P.C. § 23-23], and Rem. Supp. 1947, § 988. By the provisions of these statutes, the court has been given a wide discretion in the division of the property, and it is a rule in this state that the supreme court will not interfere with the disposition of the property made by the trial court unless it appears from the record that the trial court has abused its discretion. *Cornwall v. Cornwall,* 13 Wn. (2d) 594, 126 P. (2d) 52; *Werner v. Werner,* 18 Wn. (2d) 875, 138 P. (2d) 889; *Luithle v. Luithle,* 23 Wn. (2d) 494, 161 P. (2d) 152; *Beakley v. Beakley,* 25 Wn. (2d) 228, 170 P. (2d) 314; *Holm v. Holm,* 27 Wn. (2d) 456, 178 P. (2d) 725; and, *Anderson v. Anderson,* ante p. 197, 195 P. (2d) 986.

Careful reading of the testimony brings us to the definite conclusion that the trial court did not abuse the discretion lodged in it by the laws of this state. We hold that the trial court used a wise discretion in making the disposition, and that it was fair and equitable. It is our conclusion that the property was so commingled that it would be impossible for any court to ascertain that portion which was separate and that portion which was community. In any event, the trial court had a right to make a disposition of the property even though part of it was separate property.

This court stated in *Luithle v. Luithle,* 23 Wn. (2d) 494, 161 P. (2d) 152:

"It is now accepted as a fundamental proposition that, in a divorce action, the court has complete jurisdiction of all the property of the parties, whether community or separate,

and may dispose of it in such manner as is equitable and just under all the circumstances."

Accord: *Beakley v. Beakley,* 25 Wn. (2d) 228, 170 P. (2d) 314.

We find no error and therefore affirm the judgment.

MALLERY, C. J., ROBINSON, HILL, and SCHWELLENBACH, JJ., concur.